## Madisonville, Hartford & Eastern Railroad Co. v. Kittinger, et al.

(Decided May 16, 191[.])

### Appeal from Muhlenberg Circuit Court.

Railroads—Building Insufficient Culvert—Damage to Land by Over-
flow of water—Appellees sued in this action for damages to their
land and crops by reason of an insufficient culvert to carry the
water from their land in the construction of the railroad. Ap-
pellee sued for $575.00 damages and recovered a judgment for
$300.00 and the railroad company appeals. Held that there is
no substantial error to the prejudice of appellants' rights and
the judgment is affirmed.

BENJAMIN D. WARFIELD and BROWDER & BROWDER    for
appellant.

NEWTON BELCHER and BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE NUNN---Affirming.

Appellees brought this action to recover of appel-
lant $575.00 as damages for the injury and destruction of
their corn, sorghum and wheat crops planted in 1909. It
appears that appellant constructed a railroad across the
lands of appellees in 1896, which went through a bottom
and across a creek in a diagonal course. The testi-
mony shows that the lands of appellees were higher on
each side of and next to the creek than back from it a dis-

tance. To be more explicit there was a depression on each side of and a distance from the creek, along which water ran during rainy seasons and did not go into the creek over appellees' lands, and the building of the railroad embankment caused the water to back up, when heavy rains fell, over a great deal of appellees' land and crops. The culvert which was built under the railroad at the creek, was built diagonally to and not with the bed of the creek, and was too small to carry the water off as fast as it came down; and when the water passed through the culvert it struck only one bank of the creek, passed over it and flooded the crops below the railroad. In constructing its embankment, appellant made a barrow-pit from the creek out to a point near the depression and caused the water to flow through it and over the lands of appellees. The testimony further shows that several heavy rains fell during the year 1909, which caused the overflows in the manner stated and the destruction of several acres of corn, sorghum and wheat belonging to appellees for which they ask damages.

The engineer who constructed the culvert under the railroad, testified that it was sufficiently large and that he made it to carry the water from about three hundred and sixty acres of land, which he supposed was all that would flow to it. Appellees' proof shows that the water from at least five hundred acres had to pass through the culvert; that it was too small to carry it off as fast as it came down which caused it to back up above the road three or four feet deep over many acres of their crops. The testimony showed that the wheat was destroyed by hogs before the rains came, therefore the court told the jury not to find anything for appellees on account of its destruction.

Appellant's counsel argue the case as though all the damages to appellees that year was caused by the unprecedented rain, the heaviest ever known in that country, one that could not be anticipated by men of reasonable judgment. They overlook the fact that the damages were the result of several rains during the year, which, though heavy, were not unusually so.

Appellant also complains because the court refused to allow witnesses to testify as to how these rains washed and affected their lands and crops. The court allowed those witnesses who owned land in the immediate vicinity of appellees to testify upon this subject, and only

refused two witnesses who lived at least four miles from the land and who did not state whether their lands were of the same kind as appellees or not, that is, whether it was hilly, rolling or bottom land. The court did not err in this matter for the reasons indicated.

The court told the jury that if the culvert was inadequate to carry off the water which accumulated on the lands of appellees during such usual and ordinary rainfalls as might have been expected by persons of ordinary prudence and experience, they should find for appellees for the corn destroyed above the railroad as a result of the inadequacy of the culvert. The court told the jury with reference to the corn below the railroad that if the culvert was so negligently constructed as to divert the water passing through it from its natural course thus causing it to overflow and damage appellee's corn, they would find for appellees the damage thus done, otherwise they would find for appellant.

The jury found only $300.00 for appellees, and it appears that appellant had a fair trial.

Finding no substantial error to the prejudice of appellant's rights, the judgment is affirmed.