## Leisl v. City of Newport.

(Decided March 15, 1935.)

OTTO WOLFF and E. W. HAWKINS for appellant.

L. W. SCOTT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

William Leisl sued the city of Newport to recover damages for injury to real and personal property, and, from a judgment sustaining a demurrer to and dismissing his petition, he appeals.

Briefly stated, the facts pleaded are: The defendant, city of Newport, is a municipal corporation of the second class. Plaintiff owns a house and lot in the city.

The property fronts upon the waterworks road, and extends back to a branch of Taylor's creek running from a point one mile east of the property and flowing "westwardly and northwardly into the Ohio river." The defendant maintained and still maintains within said creek and west of the property of Leisl a culvert and an artificial fill thereon about 10 feet high, making a solid dam across the creek save for the culvert. The culvert is inadequate to carry off the waters of the creek in heavy rains, and the creek has at divers times within five years last past, because of the negligence and carelessness of defendant in maintaining said dam, backed its waters upon, over, and into the lot and dwelling house of plaintiff and damaged and injured his house, grounds, and personal belongings therein in the sum of $700.

The sufficiency of the petition turns on its allegations and not on certain facts de hors the record to which our attention has been called. We need not elaborate the law applicable to a case of this kind. Briefly stated, the rule is that one constructing or maintaining a culvert in a creek or natural stream not adequate to carry off the water during usual and ordinary rains is liable for damages caused by the overflow. Finley v. City of Williamsburg, 71 S. W. 502, 24 Ky. Law Rep. 1336; Wallingford v. Maysville & B. S. R. Co., 107 S. W. 781, 32 Ky. Law Rep. 1049; Madisonville, H. & E. R. Co. v. Kittinger, 143 Ky. 643, 137 S. W. 242; Madisonville, H. & E. R. Co. v. Graham, 147 Ky. 604, 144 S. W. 737. At first we were inclined to the view that the allegation, "and the creek has at divers times within five years last past, because of the negligence and carelessness of defendant in maintaining said dam, backed its waters upon, over and into the lot and dwelling house of plaintiff," was sufficient to bring the case within the rule; but this allegation must be considered in connection with the allegation, "The culvert is inadequate to carry off the waters of the creek in *heavy* rains." "Heavy rains," of course, may be ordinary or extraordinary. If the former, there is liability. If the latter, there is no liability. Therefore, the case pleaded is one where there may be no liability, and where that is the case the petition is clearly demurrable.

Judgment affirmed.