JUDGE COFER
delivered the opinion of the court.
The appellant brought this suit in equity against her husband James V. Pribble, the appellee Samuel W. Hall, and M. A. and Fanny Hunt. She alleged that she intermarried with her present husband in 1853, and that they had ever *63 since continued to live together as husband and wife; that some years ago the father of her husband died, leaving a tract of land which descended to his heirs; that she was possessed of a small sum of money, derived in part from the estate of her father, and the residue from her personal earnings, and with said money purchased for herself the interest of one of the co-heirs of her husband in the land descended from his father; that by agreement between her husband and his brothers and sisters the land was divided between them, and in the division, without her knowledge or consent, there was allotted and conveyed to her husband a tract of fifty-five acres, embracing his interest and that she had purchased; that they went upon and improved and resided on it, and she supposed it had been conveyed to them jointly, until her husband was about to mortgage it to M. A. and Fanny Hunt; that after making a mortgage to them her husband conspired with them and pretended to sell them the land, and in order to induce her to join in the conveyance he and they represented to her that they had provided that she should have $1,000 of the purchase money; that she still refused to sign the deed; but, finally, induced partly by their false representations and partly by coercion, she signed and acknowledged it, but its contents were never read or explained to her, and she did not know what they were; that she signed and acknowledged it in the presence of her husband, and under his influence and persuasion at the time; and finally, that if she had not supposed the deed secured to her $1,000 of the purchase money she would not have signed it.
She further alleged that the appellee Hall, subsequently purchased the land from the Hunts, and that by arrangement and collusion with her husband, Hall was about to take possession of the land, and she prayed for an injunction, enjoining him from doing so, and that she be adjudged entitled to one half of the land. She also alleged that she and her husband were housekeepers, with a family, and resided on the *64 land, and sought to retain possession under the homestead law.
Hall demurred to the petition, and his demurrer was sustained, and the petition dismissed; and from that judgment this appeal is prosecuted.
The demurrer is not .copied into the record, and we must presume, in its absence, that it was general, and raised no question except as to the sufficiency of the facts alleged to constitute a cause of action.
Whether the facts stated constitute a cause of action against Hall depends upon four questions, viz.:
1. Had Mrs. Pribble an enforceable claim to an interest in the land?
2. Is she, on the facts alleged, bound by the deed to the Hunts ?
3. If not bound as between herself and them, is she bound as between herself and Hall?
4. If the deed is otherwise valid and binding upon her, can she defeat the claim of the purchaser under the provisions of the homestead law ?
1. It is probable, from the facts alleged, that the husband might have asserted his right to the money the appellant claims was hers, and have thereby made it his own, but he could waive that right, and allow her to purchase land with it in her own name, and, on the allegations made, we assume he did so. Having allowed her to purchase land with it, the land became hers, and he had no right, without her consent, to take the conveyance to himself, and between them he held the title in trust for her, and, as long as he held it, might have been compelled to surrender it to her, and one who procured the title from him by a fraud upon her would hold subject to the same equity. We therefore conclude that she had ah interest in the land enforceable against her husband and the Hunts, unless she is bound by the deed.
*65 2. As between her and the Hunts, she is clearly not bound by the deed, if the facts are as she has alleged them, whether her acknowledgment was valid or not, for there was fraud in obtaining the deed that no sort of acknowledgment could purge away.
3. But it is not alleged that Hall had any complicity in or knowledge of the alleged fraud of the husband and the Hunts, and it must therefore be presumed that he is an innocent purchaser, and as such he can not be prejudiced by the fraud of his vendors or of the husband.
If, however, the acknowledgment of the deed by the appellant was invalid, the deed is void as to her, and presents no obstruction to the assertion of her rights against Hall.
The facts alleged bring the case clearly within the rule announced in Ford v. Teal (7 Bush, 156) and Woodhead v. Foulds (Ibid. 222), that the certificate of the acknowledgment of the deed of a feme covert is only prima facie evidence that the statute in reference to such acknowledgments has been complied with,- and if the rule laid down there is still in force we must hold that on the facts alleged the deed in question is void as to the appellant.
The authority of those cases has been repeatedly questioned by the bar in cases supposed to depend upon an adherence to the rule there announced, but we have never found it necessary to reaffirm or overrule them; and in this case we are relieved from that necessity by a provision of the General Statutes, adopted before the execution of the deed under consideration.
Section 17 of chapter 81, Gen. Stat. reads as follows, viz.: “Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer, in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return, or otherwise, shall be called in question, except upon the *66 allegation of fraud in the party benefited thereby, or mistake on the part of the officer.”
There is no allegation of fraud on the part of the Hunts in procuring the certificate of the feme’s acknowledgment or of mistake on the part of the clerk. It is not alleged that the grantees, or either of them, were present when the acknowledgment was taken, or that they had any thing to do with it. The fraud with which they are charged is wholly disconnected with the acknowledgment, and consisted in making representations which induced the appellant to consent to make the deed, and in no wise affects the certificate.
The fraud which, under the statute, will let in an inquiry into the truth of the officer’s certificate, must relate to the obtaining of the certificate itself, and not to the making of the instrument acknowledged.
The statute must therefore put to rest the perplexing question, whether a certificate of the acknowledgment of a deed, by a married woman, when regular on its face, can be impeached, by parol evidence, that the statute was not pursued in taking the acknowledgment.
In a suit against the clerk or his sureties for a failure of duty on his part, the truth may be shown, but in every other case his certificate imports absolute verity, unless it be assailed for fraud on the part of the party benefited thereby in procuring it, or for mistake on the part of the clerk.
The question as to the validity of the acknowledgment being concluded by the clerk’s certificate, it follows that the title passed by the deed, and Hall, not being charged with fraud or with notice of the alleged fraud of the appellant’s husband and the Hunts, his title must be adjudged good, unless there is something in the act known as the homestead law which renders it invalid.
4. In some of the states of the Union, homestead laws are limitations on the power of alienation, and a conveyance of *67 tbe homestead, in which the wife does not unite, is declared to be void. But in this state the homestead law merely exempts the homestead from sale under coercive process, and leaves the husband’s power of alienation unchanged. (Brame and wife v. Craig, 12 Bush, 404.)
But if such was not the case, the appellant, as we have already decided, is bound by the deed, so far as Hall is concerned, and being bound by it, of course the homestead is gone.
We are therefore of the opinion that the court did not err in sustaining the demurrer, and the judgment is affirmed.