# DECISIONS

#### OF THE

# COURT OF APPEALS OF KENTUCKY.

#### SEPTEMBER TERM, 1890.

CASE 1—PETITION ORDINARY—DECEMBER 6, 1890.

## Thomas v. Bland.

#### APPEAL FROM NELSON CIRCUIT COURT.

1. A COVENANT OF WARRANTY RUNS WITH THE LAND, and may be sued upon by any subsequent grantee, although his immediate grantor may·have conveyed to him without words of warranty. The covenant of warranty does not pass by a subsequent covenant of warranty, but by the mere words of conveyance, any words that convey the title being sufficient to convey the warranty the grantor holds.

2. THE STATUTORY LIMITATION OF FIFTEEN YEARS, and not the limitation of five years, applies to an action for breach of covenant of warranty in deed to land.

3. A JUDGMENT DISMISSING A PETITION UPON DEMURRER WILL BAR ANOTHER ACTION based upon the same facts; but if a petition is dismissed on demurrer on account of the omission of an essential allegation, and the petition in a subsequent action supplies the omission, the dismissal of the former petition is not a bar.

NAT. W. HALSTEAD, JOHN D. WICKLIFFE FOR APPELLANT.

1. Judgment dismissing an action upon general demurrer may be pleaded in bar to another suit for same cause of action. (Gould v. Evansville R. Co., 91 U. S., 526; Alley v. Nott, 111 U. S., 472; Price v. Sthreshly, 2 Bibb, 589; Daniel v. Morrison, 6 Dana, 187; Curts v. Trustees of Bardstown, 6 J. J. M., 538; Woolley, &c., v. Louisville Banking Co., 81 Ky., 527.)

Thomas v. Bland.

2. The liability of the grantor upon his covenant of warranty is a liability created by statute, and, no other time being fixed by the statute, the action must be commenced within five years from the breach. (Gen. Stats., chap. 71, art. 3, sec. 2.)

3. The doctrine of *caveat emptor* applies to all judicial sales. The purchaser has no recourse upon the covenants of warranty contained in the former deeds to the land. (Farmers' Bank v. Peters, MS. Opinion, 1878; 12 B. M., 601; 3 J. J. M., 558; Freeman on Judicial Sales, sec. 48; Freeman on Executions, secs. 301, 333, 2d ed.)

4. A covenant against incumbrances does not run with the land. (3 Wash. Real Prop., 3d ed., 394; 2 Wait's Actions and Defenses, p. 372.)

5. To render warrantor liable on his covenant of warranty, it must be shown that the eviction was by a paramount legal title. (Bedell v. Lewis, 4 J. J. M., 568; Patton v. Kennedy, 1 Mar, 390; Booker v. Merriwether, 4 Litt., 213; Fowler v. Chiles, 4 J. J. M., 506; Blair v. Berry, 7 J. J. M., 153.)

JOHN A. FULTON for appellee.

1. A judgment dismissing an action because of a technical defect in the petition can not be pleaded in bar of a second suit between the same parties over the same subject-matter. (Birch v. Funk, 2 Met., 544; Timberlake, &c., v. City of Newport, 9 Ky. Law Rep., 139; Pepper v. Donnelly, 10 Ky. Law Rep., 140.)

2. A covenant of warranty is transferred by a deed of conveyance without warranty. (Cummins v. Kennedy, 3 Litt., 121; Young v. Triplett, 5 Litt., 248; Reed v. Hornback, 4 J. J. M., 377; Dougherty v. Duval, 9 B. M., 57.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the purchaser at decretal sale of the tract of land that the appellant sold to V. R. Stiles with covenant of warranty of title, said land having been sold at said decretal sale as the property of V. R. Stiles, instituted this action on the appellant's covenant of warranty to said Stiles to recover damages for the loss of said land by eviction after said purchase at decretal sale under a paramount adverse title.

The first question that the appellant makes is, that appellee can not recover on said covenant of warranty,

Thomas v. Bland.

because his purchase at decretal sale was without warranty of title; therefore, he is not in privity with the appellant's covenant of warranty to said Stiles, and can not recover on the same.

This is error. A covenant of warranty of title runs with the land, to which the vendee looks as security against any defect in the title, and which is transmitted to each successive purchaser; and the fact that a purchaser with this covenant sells the land to another person without his covenant of warranty does not restrict the latter's right, so far as the previous warranty is concerned, to his immediate vendor. If the immediate vendor has a covenant of warranty, as it runs with the land, it is included in the sale of his title, notwithstanding the fact that he declines to warrant the title thus conveyed. This covenant of warranty is not conveyed by a succeeding covenant of warranty, but by the words of conveyance, and any words that convey the title convey the warranty that the vendor holds, because, as said, it runs with the land, and is transmitted by the conveyance. (Cummins v. Kennedy, 3 Litt., 121; Young v. Triplett, 5 Litt., 247; Hunt v. Orwig, 17 B. M., 83; Perkins, &c., v. Coleman, &c., 90 Ky., 611.) It is true that the purchaser of land at decretal sale does not acquire a title with covenant of warranty, but he does acquire all the title that the owner has, and the covenant of warranty runs with this title, which is included in the sale of it. As said, the title is passed by the words of conveyance, and not by the covenant of warranty; the latter runs with the title, and is passed to the vendee by the words of conveyance, and not by the covenant of warranty, and

as all of Stiles' title was sold at decretal sale, the covenant of warranty passed with the sale.

To the former action to recover damages for a breach of this covenant a demurrer was sustained by the lower court, which decision was affirmed by this court upon the distinct ground that the petition was defective, and the action was dismissed. Thereafter this action was instituted, which, by additional allegations, cured the objection to the former action, and said allegations present a cause of action. But the appellant contends that the former action having been dismissed upon demurrer, said dismissal bars another action for the same cause.

It is true that a judgment sustaining a demurrer to a petition alleging a given state of fact is as conclusive as a verdict finding the same state of fact would be. The facts found to be true on the demurrer, as well as the facts found to be true by the jury, are both solemn adjudications upon said facts, and are res adjudicata. No other action can be maintained for the same cause upon the same grounds that were set up in the first petition. The demurrer was an adjudication upon the merits of those facts, and they were found insufficient to sustain a cause of action. It, therefore, may be truly said that there has been a decision upon the merits of those facts. But if the action on demurrer is dismissed on account of the omission of an essential allegation, which the second petition supplies, the judgment on the allegations of the first petition is no bar to the second action. It is true that both actions were brought to enforce the same right, but the merits of the allegations in the second action, being essentially

---

Thomas v. Bland.

---

different from the allegations in the first action, although the allegations in both were to enforce the same right, have not been adjudicated in the second action. In the second action a cause of action is presented; in the first the allegations have been weighed and found wanting. (Gould v. Evansville, &c., R. Co., 91 U. S., 534.) The case of Woolley, &c., v. The Bank of Louisville, &c., 81 Ky., 527, is in perfect accord with the foregoing views. See also Yankey v. Sweeney, 85 Ky., 55; Pepper v. Donnelly, 87 Ky., 259.

It is next contended by the appellant that the limitation of five years bars the appellee's right of action upon said covenant. This, as we think, is a mistake. We think that the limitation of fifteen years controls. The statute appertaining to that matter is, that an action "upon a bond or obligation for the payment of money or property, or for the performance of any undertaking, shall be commenced within fifteen years after the cause of action first accrued." (General Statutes, chapter 71, article 3, section 1.) The obligation here, upon the written covenant of warranty of title, as said, runs with the land, and passes to any subsequent vendee of the title, as though he were the assignee thereof, and upon which he can sue for a breach thereof as though he were the assignee. Indeed, the sale of the title transfers the covenant to him, and his right to it is as complete as was that of his vendor to whom the covenantor had sold the land. It is true that recovery for the breach sounds in damages, but the action is on the written covenant, the breach of which is compensated for in damages. If the obligation were to pay property, the vendee's right

6  KENTUCKY REPORTS.  [Vol. 91.

of action for a breach would not be limited to five years after breach, but to fifteen years. So here the obligation was to compensate any person entitled to the benefit of the obligation the value of the land lost by reason of the breach. The only difference in the two cases is, that in the latter case the covenant lasts, and runs with the land until the breach, for which the right of action lasts fifteen years. In the former case the parties usually agree on the time of the performance of the obligation, else the law fixes a reasonable time in which it must be performed. In either the former or latter case, however, the beneficiary of the obligation is entitled to fifteen years after breach in which to bring his action.

The judgment is affirmed.