## Byers v. First State Bank of Middlesboro.

(Decided May 21, 1914.)

### Appeal from Bell Circuit Court.

Bills and Notes—Action to Enforce Mortgage Lien—Defense—Section 3760 Kentucky Statutes.—In an action to collect a note and enforce a mortgage lien to secure its payment, the defense being in effect a plea of non est factum, under Section 3760, Kentucky Statutes, in the absence of a direct allegation of fraud or mistake, together with the facts constituting it, plaintiff was properly given judgment, the mortgage, with the certificate of acknowledgment, being duly recorded and the certificate in the form prescribed by statute.

JOHN HOWARD for appellant.

CHARLES E. HERD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is a suit by the appellee bank to collect a $1,000 note executed by appellant, L. Byers, and her husband, G. W. Byers; also to enforce a real estate mortgage simultaneously executed to secure its payment.

Appellant traversed all the allegations of the petition, being in effect a plea of *non est factum.* There was also an affirmative plea that the mortgaged property belonged to the wife in her own right, and not only had she never signed or acknowledged the note, or the mortgage, but that she had never authorized anybody to sign same for her. Proof was heard on the issues joined, and the court rendered a judgment in favor of the bank for the amount of the note, and the enforcement of the mortgage.

The mortgage, with the certificate of acknowledgment, was duly recorded, and the certificate is in the regular form prescribed by statute.

It will thus be seen that appellant's plea of *non est factum* is an attempt to impeach the verity of the notary's certificate, for the mortgage recites that it was given to secure the payment of the note in question, and the notary certifies that the appellant on that day produced the mortgage, and acknowledged same before him to be her act and deed. This certificate is of a character as described in section 3760, Kentucky Statutes. That section reads as follows:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

It will be noticed that this action was not one against the notary, or his surety, but the plea does call in question the facts certified by him. There is no allegation of fraud or mistake in the answer. If it was a fraudulent, or untruthful certificate the appellee bank is the party benefited by it, but there is no allegation in the answer charging fraud on the part of the appellee, or any one, nor is there a charge of even so much as a mistake on the part of the notary. In the absence of these allegations, there was no warrant for the introduction of parol testimony to contradict or impeach any of the facts recited in the certificate. Therefore, they must be taken as true, and it follows, of course, that the officer's certificate sustained both the note and the mortgage given to secure it. The case of Pribble v. Hall, 13 Bush, 66, had this statute under consideration soon after its enactment, and the court in the following language gave application to it:

"There is no allegation of fraud on the part of the Hunts in procuring the certificate of the feme's acknowledgment or of mistake on the part of the clerk. It is not alleged that the grantees, or either of them, were present when the acknowledgment was taken, or that they had anything to do with it. The fraud with which they are charged is wholly disconnected with the acknowledgment, and consisted in making representations which induced the appellant to consent to make the deed, and in no wise affects the certificate.

"The fraud which, under the statute, will let in an inquiry into the truth of the officer's certificate, must relate to the obtaining of the certificate itself, and not to the making of the instrument acknowledged.

"The statute must therefore put to rest the perplexing question, whether a certificate of the acknowledgment of a deed, by a married woman, when regular on its face, can be impeached, by parol evidence, that the statute was not pursued in taking the acknowledgment.

"In a suit against the clerk or his sureties for a failure of duty on his part, the truth may be shown, but in every other case his certificate imports absolute verity, unless it be assailed for fraud on the part of the party benefited thereby in procuring it, or for mistake on the part of the clerk."

This ruling has been followed ever since, as is shown by a reference to the cases of Dowel v. Mitchell, 82 Ky., 47; Cox v. Gill, 83 Ky., 669; Tichenor v. Yankey, 89 Ky., 508; Davis v. Jenkins, 93 Ky., 353; Duff v. Va. I. C. & C. Co., 136 Ky., 281; Bebout v. Ky. Mfg. Co., 145 Ky., 756.

It is true that all of the cases above referred to arise on the plea that the signature was obtained by duress or coercion, or that there was no privy examination, or explanation of the effect of the instrument, or that the acknowledgment was taken without the bounds of the officer's jurisdiction, and it is also true that the courts of some other States have held that a simple denial that the alleged grantor ever made any such acknowledgment is sufficient to let in parol evidence without charging fraud or mistake, but in our opinion the provision of our Statute above quoted is broad enough to include any attack made upon an officer's certificate. It provides that *no fact* officially stated by him shall be called in question except upon the allegation of fraud or mistake. There should be a direct allegation of fraud or mistake, together with the facts constituting it.

All the questions raised by appellant are included within the one above considered, and in view of the conclusion reached, it is unnecessary to refer to them.

The judgment of the lower court is, therefore, affirmed.