## Morgan County National Bank v. Crace.

(Decided May 30, 1933.)

H. H. RAMEY and W. R. PRATER for appellant.

LEEBERN ALLEN and E. E. ARNETT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Lee Crace as principal, and his wife, Emma Crace, executed and delivered to the Morgan County National Bank of Cannel City, Ky., their promissory note for $3,000, bearing date December 16, 1926, and payable on demand, with interest at 8 per cent. per annum after maturity. For the purpose of securing this note Crace and wife, on January 13, 1927, executed, acknowledged, and delivered to the bank a mortgage covering two tracts of land, one belonging to the wife, and the other to Crace. The indebtedness not having been paid, the bank brought this action to recover on the note and enforce its mortgage lien. In their amended petition they alleged that to secure the payment of the indebtedness referred to in the original petition, the defendants, Lee Crace and Emma Crace, signed, acknowledged, and delivered to plaintiff a mortgage on the property described in the original petition, and filed with the amendment a certified copy of the mortgage containing the clerk's certificate that on January 13, 1927, the mortgage was produced to him ''and acknowledged and delivered by Lee Crace and Emma Crace, parties grantor thereto, to be their act and deed.'' Emma Crace filed a separate answer, which, in addition to certain denials and a plea of homestead, which need not be considered, interposed the defense of non est factum. After hearing the evidence, the chancellor sustained the defense and ordered a cancellation of the mortgage in so far as it covered the lands of Emma Crace. From that judgment the bank appeals.

In view of the conclusion of the court we deem it unnecessary to detail or state the effect of the evidence.

Section 3760, Kentucky Statutes, provides:
''Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.''

Under the law it is the duty of the county court clerk and other officers authorized to take acknowledgments, to certify in writing to the acknowledgment, and by the express terms of the statute no fact officially

stated in the certificate can be called in question except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer, unless in a direct proceeding against the officer or his sureties. This is not a direct proceeding against the county clerk or his sureties, but is an attempt to call in question a certificate of acknowledgment upon a mere plea of non est factum, and without any allegation of fraud in the party benefited, or mistake on the part of the officer. It is unnecessary to review all the authorities construing and applying the statute. As said in the early case of Pribble v. Hall, 13 Bush, 61:

> "In a suit against the clerk or his sureties for a failure of duty on his part, the truth may be shown, but in every other case his certificate imports absolute verity, unless it be assailed for fraud on the part of the party benefited thereby in procuring it, or for mistake on the part of the clerk."

This construction of the statute has been uniformly followed not only in cases involving the fact of acknowledgment, but the fact of execution. Thus in Byers v. First State Bank, 159 Ky. 135, 166 S. W. 790, it was held that in the absence of allegations of fraud or mistake, a wife who is shown by the notary's certificate to have acknowledged a mortgage as her act and deed, could not show by parol evidence that she never signed or acknowledged the mortgage. In the more recent cases of Campbell v. Schorr, 224 Ky. 1, 5 S. W. (2d) 278, and Crawford v. Crawford, 224 Ky. 535, 6 S. W. (2d) 685, it was held that in an absence of an attack on the officer's certificate of acknowledgment, as required by the statute, a plea of non est factum was not available as a defense.

It follows that the judgment canceling the mortgage on the wife's property was erroneous.

As the case was prepared and tried on the theory that a mere plea of non est factum was sufficient, and the insufficiency of the answer was not raised by demurrer or otherwise, we think the ends of justice will be best subserved by permitting appellee on the return of the case to amend her answer so as to conform to the statute if she so desires, and to offer further evidence in support of her defense.

Judgment reversed and cause remanded for proceedings consistent with this opinion.