## Cox et al. v. Simmerman et al.

(Decided Nov. 30, 1934.)

584

BARNES· & SMITH for appellants.

R. MILLER HOLLAND and CARY, MILLER & KIRK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

These same parties were here once before. See Cox v. Simmerman, 243 Ky. 474, 48 S. W. (2d) 1078, 1080. That appeal was from a judgment of the Ohio circuit court, dismissing an oft-amended petition of the plaintiffs after a general demurrer had been sustained to it and they had declined to plead further. After that judgment had been affirmed, the same plaintiffs filed a petition in the McLean circuit court, and, the plaintiffs again declining to plead further, their petition was dismissed, and they have appealed, and again the record fails to show upon what grounds the demurrer was sustained.

### The Decision on the Former Appeal.

In the opinion upon the former appeal it is said: "Neither the original petition nor any of the four amendments disclose diligence upon the part of appellants to learn of the alleged fraud or that they ever made any inquiry about, or attempted to assert any right to, the minerals under the Barrett Hill tract; nor do they allege any acts or conduct upon the part of Mrs. Ford or appellees that lulled them into a sense of security or caused them to refrain from asserting their alleged claims. Although

they allege that they were present at the sale and heard the public announcement that the minerals under the Barrett Hill tract were reserved [no notice of this reservation, however, was carried in the handbills], the petition is silent as to any effort on their part to ascertain, or by inquiry or examination of public records to determine, what, if any, disposition had been made of the mineral rights in these lands.''

That shows that on the former appeal the general demurrer was held to have been properly sustained because of defective and insufficient allegations in the petition.

### Dismissing Defective Petition on Demurrer.

Where the ground of the demurrer is the omission of a material allegation from plaintiff's pleading, a judgment sustaining a demurrer will not prevent the maintenance of a new suit on the same cause of action, in which the declaration or complaint supplies the missing averment. See Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240, and Bland v. Thomas, 3 S. W. 595, 8 Ky. Law Rep. 866, both of which opinions were written by the same judge. The former appeal in that case as well as this one was a decision on the pleading and not on the merits.

The courts agree that a judgment sustaining a demurrer on the ground that the complaint or petition failed to state a cause of action will not sustain a plea of res judicata to a complaint in which the essential allegation lacking in the former complaint is supplied. The former adjudication in such case determines no more than that the pleading, as presented, was insufficient, and not that the plaintiff had no cause of action. See 15 R. C. L. p. 985 et seq. and note in 13 A. L. R. p. 1113, note (d), and Kentucky cases cited under it.

It makes no difference upon what ground the Ohio circuit court may have sustained the demurrer involved in the first appeal, it is the ground upon which this court affirmed that judgment that must govern and fix the rights of the parties (See Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441, 10 Ky. Law Rep. 140), and certainly this court rested its affirmance upon the defective and insufficient allegations of that petition, so the question before us now is, Does the petition filed in the McLean circuit court and now before us state a cause of action?

### The Petition Now Before Us.

This is a rather lengthy document. It, the accompanying exhibits, and the amendment to it fill 46 pages of this record.

Defendants filed a general demurrer to the petition, which was erroneously sustained.

Since this demurrer was directed to the whole petition and not to any particular paragraph, then it should have been overruled if anywhere in this petition there is any cause of action well stated, and, without expressing any opinion upon anything else, the matter contained in their paragraph IV and in their paragraph VI, when considered in connection with the petition as a whole, as it must be on a demurrer directed to it as a whole, was sufficient to constitute a cause of action.

On the appeal of the Ohio county case, we held the petition was defective. That would not prevent plaintiffs from filing a proper petition there or elsewhere. Nothing else was there determined. The plaintiffs are almost just where they began. Aside from the information the former opinion imparts relative to matters that must be alleged in pleading, the court in this case should proceed just the same as if the case from Ohio county had never been filed. No plea of res judicata can be rested on it. This cause is now remanded to the trial court, with directions to set aside the judgment sustaining demurrer to and dismissing the plaintiffs' petition, to overrule the demurrer to allow the plaintiffs to amend or recast their petition, in whole or in part, if they offer to do so, and for further proceedings consistent herewith.