## Superior Coal & Builders Supply Co. v. Board of Education of Dayton, Ky.

(Decided June 14, 1935.)

ODIS W. BERTELSMAN for appellant.

C. W. YUNGBLUT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant's complaint is, the trial court sustained a demurrer to its petition and dismissed it.

These parties own land near each other in the city of Dayton, their properties are both drained by the same natural watercourse; the land of the defendant being about 150 feet down stream from that of the plaintiff. In the petiton it is alleged:

> "The defendant early in the year 1933 altered and and changed the grade and topography of its said real estate, and substituted for a natural watercourse thereon, a drain of such insufficient and small dimensions as to cause water to accumulate in large quantities during heavy rainfalls, and to be discharged upon plaintiff's said real estate, flooding the same and destroying the commodities stored thereon."

The defendant contends that the action of the trial court is correct because its property does not adjoin that of the plaintiff, because it is an arm of the state, and because it has no money except that raised by taxation for specific governmental purposes which cannot be diverted. Ky. Const. sec. 180. That is true, but if it has taken in whole or in part the property of its neighbor, it must pay therefor (sections 13 and 242, Ky.

Const.), even though it must raise by taxation the money to do so. Whether these properties adjoin or not is not the charge plaintiff tried to make, but that defendant took the plaintiff's property, and, so far as its being an arm of the state is concerned, it is still responsible if it took the plaintiff's property. The Constitution was written to protect the citizen from the improper acts of the state, its arms and its officers; nor does it make any difference that a portion of the plaintiff's property was personal property, as sections 13 and 242, Ky. Const., apply to both real and personal property.

The natural drainage of the plaintiff's land by this natural watercourse is as much a part of the plaintiff's property as the soil itself, and if by what the defendant has done to this watercourse this drainage has been so affected as to depreciate the market value of the plaintiff's property, then to that extent the defendant has taken the plaintiff's property just as effectually as if it had seized a portion of the surface itself.

It will be observed the petition merely complains of what the defendant did and of the resulting effects of heavy rains. There is no allegation of negligence in the installation of an inadequate substitute for the natural watercourse, or that by negligent maintenance it had become inadequate. A heavy rain may be either an ordinary or an extraordinary rain. Leisl v. City of Newport, 258 Ky. 506, 80 S. W. (2d) 556. Plaintiff's petition must be construed against it, and the heavy rains of which it complains may be construed to be extraordinary rains, the like of which had never occurred before in that locality.

In the absence of negligence in the installation or maintenance of this substitute for a natural watercourse, the defendant's liability would be limited to the result of ordinary rains. If the rains were extraordinary, that is, were unprecedented, then the result would be attributed to an act of God, unless it be alleged and shown the defendant had been guilty of negligence in some particular which had caused the damage to plaintiff's property. If negligence is charged and shown, then the defendant must be held responsible for the result, for negligence is never attributed to the Deity. Louisville & N. R. Co. v. Vandiver, 238 Ky. 846,

38 S. W. (2d) 965; 45 C. J. 934, sec. 493; 1 C. J. 1174, sec. 2; Polk v. Illinois Cent. R. Co., 175 Ky 762, 195 S W. 129; Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423. We defined a watercourse in Morgan v. Morgan, 205 Ky. 545, 266 S. W. 35. Further definitions and statements of rights therein may be found in 67 C. J., Waters, secs. 3, 6, 7, 13, 29, 108, etc.

If plaintiff had charged these were ordinary rains, or had charged negligence, this would have been a good petition, but since neither charge is made it was properly dismissed, when not amended after demurrer was sustained to it. That does not prevent the filing of a proper petition. Cox v. Simmerman, 256 Ky. 583, 76 S. W. (2d) 635.

Judgment affirmed.