## Atkins' Guardian v. McCoy.

(Decided March 27, 1936.)

H. H. RAMEY and SIDNEY TRIVETTE for appellant.

WILLIS STATON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The petition filed by the guardian of Mary Kathleen Atkins states that her father, G. J. Atkins, at the time of his death, August 16, 1925, was the owner and in actual possession of a certain parcel of land; that the defendant, his sister Ethel Atkins McCoy, had produced and caused to be recorded on October 9, 1931, a deed to the parcel purporting to have been executed to

her by the deceased on September 28, 1917; that no such deed was ever signed, executed, or delivered; that the instrument is a forgery and does not contain his signature and is not his act and deed; that the same is a cloud on the plaintiff's title, which had vested in her under the law of descent and distribution; and that she is the owner and in possession of the property. The plaintiff called upon the defendant to produce and file the original deed, which is referred to and made a part of the petition. She prayed that the purported deed be declared a forgery and that her title be quieted.

Special and general demurrers being overruled, the defendant traversed the allegations of the petition and alleged facts of the conveyance to her for a valuable consideration and the reasons for the delay in having the deed recorded. A reply denied the affirmative allegations of the answer.

The evidence of forgery related exclusively to the signature of J. B. Atkins, deputy county court clerk, whose certificate of acknowledgment appeared on the deed as of September 28, 1917. He was a brother of the grantor and grantee, and had died about fifteen years before the trial. Evidence as to the genuineness of his signature was conflicting. There was no evidence tending to show that the signature of the grantor was not genuine. There was a little testimony of circumstances and statements indicating that the deed was regularly made at the time stated, which was before the grantor was married and just before he went to war. The defendant explained that the deed had been lost during four or five years preceding its being put to record, but did not explain the early delay of eight or ten years. During all this time, the grantee did not list the property for taxation and the taxes were paid by the guardian of the infant. It should be observed that perhaps this was due to the fact that it was occupied by the parents of the grantor and grantee who had a life estate in it.

The appeal is from a judgment for the defendant. The appellant maintains that the circumstances proven with inferences to be rationally drawn therefrom established forgery of the grantor's name. It is also argued that the plea of non est factum presented by

848

the plaintiff put the burden of establishing the genuineness of the deed upon the defendant and it was not met; hence that the plaintiff was entitled to judgment.

It is to be noted that the plaintiff nowhere undertook to call in question the signature or certificate of acknowledgment of the deputy county court clerk. Section 3760, Kentucky Statutes, provides that unless it be in a direct proceeding against an officer or his surety, no fact officially stated by such an officer in respect of a matter about which he is by law required to make a statement in writing, as in the form of a certificate, shall be called in question except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer. The interpretation of this statute has been that the certificate imports absolute verity unless attacked in the manner outlined. This construction has been uniformly followed not only in cases involving the fact of acknowledgment, but as well the fact of execution of the instrument itself. In the absence of an attack on the officer's certificate as required by the statute, the plea of non est factum made by plaintiff was not good, and her attack on the deed must necessarily have failed. Byers v. First State Bank, 159 Ky. 135, 166 S. W. 790; Campbell v. Schorr, 224 Ky. 1, 5 S. W. (2d) 278; Crawford v. Crawford, 224 Ky. 535, 6 S. W. (2d) 685; Morgan County National Bank v. Crace, 249 Ky. 461, 61 S. W. (2d) 10. The petition being fatally defective, it is not necessary to regard the evidence. It may be said there was no pleading to support the evidence, and no evidence to support the pleading.

Wherefore, the judgment is affirmed.