# Atkins' Guardian v. McCoy.

(Decided Oct. 25, 1938.)

H. H. RAMEY for appellant.

WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

Mary Kathleen Atkins, an infant, brought an action by her guardian against Ethel Atkins McCoy to have declared void as a forgery a deed produced for record October 9, 1931, which purported to have been executed September 28, 1917, by G. J. Atkins, plaintiff's father, to his sister, the defendant. G. J. Atkins died intestate August 26, 1925, leaving the plaintiff surviving him as his sole heir at law. No attack was made in the petition on the officer's certificate of acknowledgment, which purported to be signed by J. B. Atkins, deputy county court clerk and brother of G. J. Atkins, but the evidence of forgery related exclusively to his signature. Upon submission in the circuit court, a judgment was entered dismissing the petition, and the judgment was affirmed on appeal to this court on the ground that the petition was fatally defective in that it failed to call in question the certificate of acknowledgment. Atkins' Guardian v. McCoy, 263 Ky. 846, 93 S. W. (2d) 839. In the course of the opinion it was said [page 840]:

"It is to be noted that the plaintiff nowhere undertook to call in question the signature or certificate of acknowledgment of the deputy county court clerk. Section 3760, Kentucky Statutes, provides that unless it be in a direct proceeding against an officer or his surety, no fact officially stated by such an officer in respect of a matter about which he is by law required to make a statement in writing, as in the form of a certificate, shall be called in question except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer. The interpretation of this statute has been that the certificate imports absolute verity unless attacked in the manner outlined. This construction has been uniformly followed not only in cases involving the fact of acknowledgment, but as well the fact of execution of the instrument itself. In the absence of an attack on the officer's certificate as required by the statute, the plea of non est factum made by plaintiff was not good, and her attack on the deed must necessarily have failed. [Citations] The petition being fatally defective, it is not necessary to regard the evidence. It may be said there was no pleading to support the evidence, and no evidence to support the pleading."

Mary Kathleen Atkins, by her guardian, then

brought this action, and, in her petition, attacked both the deed and the certificate of acknowledgment as forgeries, and alleged that the deed was not signed or delivered by G. J. Atkins, and was not his act or deed; that it was not acknowledged before J. B. Atkins as deputy clerk; and that the signature on the certificate of acknowledgment, which purported to be the signature of J. B. Atkins, was not his signature, but was a forgery. In the second paragraph of her petition the plaintiff sought to recover the taxes, amounting to $73.82, paid by her in the belief that she was the owner of the property. A demurrer to each paragraph of the petition was sustained, and, the plaintiff having declined to plead further, her petition was dismissed. The court's reason for sustaining the demurrer to paragraph 1 of the petition does not appear, but it is argued in appellee's brief that since the petition referred to the former action, which was an action by the same parties on the same subject-matter, and stated that its purpose was to conform to the opinion of the Court of Appeals, the doctrine of res judicata applied, and the demurrer was properly sustained.

A judgment on demurrer to a pleading is judicial determination of the legal sufficiency of the facts pleaded, and a final judgment on demurrer to a petition which goes to the merits renders the whole matter res judicata so far as the facts alleged are concerned, but is not a bar to another action where the facts are different and different questions of law are presented. Superior Coal & Builders' Supply Co. v. Board of Education of Dayton, 260 Ky. 84, 83 S. W. (2d) 875; City of Raceland v. McCoy, 254 Ky. 827, 72 S. W. (2d) 454; Strong v. Louisville & N. R. Co., 240 Ky. 781, 43 S. W. (2d) 11; Davis v. City of Newport, 239 Ky. 610, 40 S. W. (2d) 281; Fairbanks, Morse & Co. v. S. W. Heltsley & Co.. 135 Ky. 397, 122 S. W. 198, 26 L. R. A., N. S., 248; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240. In Cox v. Simmerman, 256 Ky. 583, 76 S. W. (2d) 635, it was said [page 636]:

"Where the ground of the demurrer is the omission of a material allegation from plaintiff's pleading, a judgment sustaining a demurrer will not prevent the maintenance of a new suit on the same cause of action, in which the declaration or complaint supplies the missing averment. * * *

"The courts agree that a judgment sustaining a demurrer on the ground that the complaint or petition failed to state a cause of action will not sustain a plea of res judicata to a complaint in which the essential allegation lacking in the former complaint is supplied. The former adjudication in such case determines no more than that the pleading, as presented, was insufficient, and not that the plaintiff had no cause of action.''

The facts in the present case are similar to those in Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441, 10 Ky. Law Rep. 140, where the case was tried by the court, and the petition was dismissed after a general demurrer to the petition had been overruled. The trial court gave no reason for its decision. On appeal, the judgment was affirmed on the ground the petition did not state a cause of action. Another action was filed, and the judgment in the former action was relied on as a bar. It was held no bar to another suit on the same cause of action. In the present case, the plaintiff supplied the allegation which the opinion in the first action said was necessary to state a cause of action. The judgment rendered by this court in Atkins' Guardian v. McCoy, supra, was not a decision upon the merits, and therefore is not a bar to another action.

Appellant insists, however, that the plaintiff failed, in her petition in the present case, to conform to the opinion of this court in that she did not proceed in a direct action against the officer or his surety, nor did she allege fraud in the grantee or mistake of the officer. Section 3760 of the Kentucky Statutes reads:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.''

The petition fairly interpreted charges fraud in the party benefited by the deed, that is, the grantee, but, aside from that, section 3760 applies only to a certificate of acknowledgment actually signed by the officer and not to a forged paper which is no certificate. The petition

alleged that the certificate was not signed by J. B. Atkins, the deputy county court clerk, and that the signature thereon, purporting to be the signature of J. B. Atkins, was a forgery. If this allegation is true, the certificate is a nullity, and the allegation is sufficient. Except in an action against the officer or his surety, the certificate of an officer authorized to take acknowledgments imports absolute verity and the effect of the certificate must be destroyed before a plea of non est factum is available. It cannot be shown that the purported signature of the maker of an instrument is a forgery until the certificate of acknowledgment is attacked. If it is alleged and proved that the certificate is a forgery, the way is open to attack the instrument under a plea of non est factum.

In the second paragraph of the petition the plaintiff asked judgment for $73.82, taxes paid by her, and that same be adjudged a lien upon the property in the event she was adjudged not to be the owner. The petition refers to and makes a part thereof all the pleadings, exhibits, and orders in the first action. The pleadings and exhibits show that G. J. Atkins, at the time of his death, owned only a remainder interest in the land, and that his father and mother owned a life estate. One of the life tenants was living when the alleged taxes were paid. It was the duty of the life tenant to pay these taxes, and it was not alleged or proved that she failed or refused to do so. In any event, appellant was a volunteer so far as appellee is concerned.

The court properly sustained the demurrer to the second paragraph of the petition, and to that extent the judgment is affirmed. In all other respects the judgment is reversed, with directions to overrule the demurrer to paragraph 1 of the petition.