## Hackworth et al. v. Trimble.

March 19, 1943.

Patrick & Sublett for appellants.

W. R. Prater for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Affirming.

This suit in equity was brought March 22, 1939, in the Magoffin circuit court by Grant Trimble (here the appellee) against Mary Hackworth, the widow of Johnie Hackworth, and their five infant children to collect a note for $386 executed and delivered by Johnie and Mary Hackworth on December 14, 1927, and also to enforce a real estate mortgage executed simultaneously by the makers of the note to secure its payment.

The plaintiff by his petition alleged the execution and delivery of this note for $386, due one year after date and bearing interest at the rate of 6%, by Johnie and Mary Hackworth and that they, simultaneously with its execution, also executed a mortgage, to secure its payment, on a certain 51 acre tract of land, as bounded and described in the petition.

Both the note and mortgage were signed by Mary Hackworth by mark, which signatures to said instruments appear to have been unwitnessed. Said note and mortgage were filed as exhibits with the petition, the note bearing the endorsement that it was subject to a credit of $18.68, paid thereon December 14, 1929, and that the interest, accrued on the note to said date, had been paid in full.

The petition further alleged that the balance owing on said note, with interest accruing thereon from December 14, 1929, was just, due and unpaid and that its payment was demanded of the defendants but was by them refused and that plaintiff has, under the mortgage, a lien on the property therein described. Also it alleged that the mortgagor, Johnie Hackworth, died in April, 1938, leaving surviving him as his only heirs at law his widow, Mary Hackworth, and their five infant children (therein named), for whom the appointment of a guardian ad litem to represent them was requested and made.

The petition concluded with a prayer for judgment against the defendants for the amount of the note, less the amount credited thereon of $18.68 paid December 14, 1929, and for interest thereon from December 14, 1929, until paid and that his mortgage lien referred to be foreclosed.

All parties having been brought before the court by appropriate pleadings, defendants filed answer, which was in effect a plea of non est factum in that they denied that the defendant, Mary Hackworth, and the mortgagor, Johnie Hackworth, signed the note or that either of them signed, acknowledged or delivered the mortgage.

Proof was taken upon the issues thus joined, when appellee, in response to the non est factum plea, testified that he was present at the home of the appellants on December 14, 1927, where and when the note and mortgage were executed, and that he there saw the appellant, Mary Hackworth, sign both the note and mortgage by her

mark; also that her signature when there so made was witnessed by O. S. Hopkins, the then deputy county court clerk of Magoffin county, who thereupon took both her husband's and her acknowledgment thereto.

This mortgage, with the deputy county court clerk's certificate of acknowledgment, and the note executed by Mary and Johnie Hackworth, to secure which the mortgage was made, were filed as exhibits with the petition. The acknowledgment reads as follows:

"I, Babe Grace, Clerk of the County Court for the County and State aforesaid certify that the foregoing Mortgage from Johnie Hackworth and Mary Hackworth, to Grant Trimble, was on the 14 day of Dec., 1927, produced to me in said County and acknowledged and delivered by Johnie Hackworth and Mary Hackworth, parties, grantors thereto to be their act and deed.

"Given under my hand this 14 day of Dec., 1927.
"Babe Grace, Clerk,.
"By O. S. Hopkins, D. C."

From this acknowledgment it will thus be perceived that appellants' plea of non est factum is by implication an attempt to impeach the verity of deputy county court clerk Hopkins' certificate, for the mortgage recites that it was given to secure the payment of the note in question, executed on December 14, 1927, for $386 to Trimble, as the deputy clerk certifies that the appellant, Mary Hackworth, and her husband on that day produced the mortgage to him, in said county, and acknowledged same before him to be their act and deed.

The chancellor refused to uphold the appellants' non est factum plea interposed to the petition and entered judgment in favor of appellee, giving him the relief prayed for.

From that judgment this appeal is prosecuted, wherein appellants seek its reversal on the two grounds assigned: (1) That appellee failed to file his affidavit and demand for the payment of his debt against the decedent Johnie Hackworth's estate before he filed his suit, as required by sections 3870, 3871 and 3872, Kentucky Statutes (sections 3870 and 3871 are now KRS 396.010 and section 3872 is KRS 396.020); and (2) that appellee's claim was barred by the statute of limitation.

In answer to the first of these grounds, it is sufficient to say that the appellee in his petition alleged that his claim, as evidenced by the note in question, was just, due and unpaid and that he had demanded its payment by the defendants, which was by them refused.

This allegation of the petition was not denied and therefore it must be taken as admitted by appellants.

In answer to the second ground, that appellee's right to recover the loan sued for was barred by the five year statute of limitation, it was evidently based upon appellants' contention that as no note had been executed by Mary Hackworth and her husband to appellee, promising payment of the amount alleged loaned them, the debt sued for was therefore one not evidenced by a written contract, and was therefore barred by the five year statute of limitation, as so provided by section 2515, Kentucky Statutes (KRS 413.120).

Having thus disposed of these grounds argued by appellants for reversal as being without merit, it is further our conclusion that the certificate of the deputy county court clerk, O. S. Hopkins, here made, stating that the mortgage in question "from Johnie Hackworth and Mary Hackworth, to Grant Trimble, was on the 14 day of Dec., 1927, produced to me in said County (Magoffin) and acknowledged and delivered by Johnie Hackworth and Mary Hackworth, parties, grantors thereto to be their act and deed," was a certificate of the character described in section 3760, Kentucky Statutes (KRS 61.060). This section does not allow the certificate of an officer to be called into question in the manner here attempted but only where based either on an allegation of fraud practiced by the party benefited thereby or mistake on the part of the officer, or where pleaded in a direct proceeding against the officer or his sureties.

There was here no attack made in the pleadings on the certificate of the officer attached to the mortgage, officially stating and showing that the mortgagors, Johnie and Mary Hackworth, acknowledged their execution of it before him. Also there is no allegation of mistake on the part of the officer (the deputy county court clerk) and this is not a direct proceeding against the officer or his sureties.

It therefore follows, as said in Crawford v. Crawford, 224 Ky. 353, 6 S. W. (2d) 685, 686:

"It would seem, therefore, that counsel for appellant [here appellee] are right in their contention that the validity of this mortgage could not be attacked without attacking the certificate of the officer in one or more of the ways in which it might be attacked under the statute."

And we may here say, as was in the Crawford case said, that this question was definitely settled and such rule declared in the case of Byers v. First State Bank of Middlesboro, 159 Ky. 135, 166 S. W. 790, 791, wherein we quoted with approval from the case of Pribble v. Hall, 76 Ky. 61, 13 Bush 61, as follows:

"There is no allegation of fraud on the part of the Hunts in procuring the certificate of the feme's acknowledgment, or of mistake on the part of the clerk. It is not alleged that the grantees, or either of them, were present when the acknowledgment was taken, or that they had anything to do with it. The fraud with which they are charged is wholly disconnected with the acknowledgment, and consisted in making representations which induced the appellant to consent to make a deed, and in no wise affects the certificate.

"The fraud which, under the statute, will let in an inquiry into the truth of the officer's certificate must relate to the obtaining of the certificate itself, and not to the making of the instrument acknowledged.

"The statute must therefore put to rest the perplexing question whether a certificate of the acknowledgment of a deed by a married woman, when regular on its face, can be impeached by parol evidence that the statute was not pursued in taking the acknowledgment.

"In a suit against the clerk or his sureties for a failure of duty on his part, the truth may be shown; but in every other case his certificate imports absolute verity, unless it be assailed for fraud on the part of the party benefited thereby in procuring it, or for mistake on the part of the clerk."

As said in the Byers case, "this ruling has been followed ever since" and lately reaffirmed in the case of Atkins' Guardian v. McCoy, 263 Ky. 846, 93 S. W. (2d)

839, 840, where, in accord with the Byers case, it was said:

> "The interpretation of this statute has been that the certificate imports absolute verity unless attacked in the manner outlined. This construction has been uniformly followed not only in cases involving the fact of acknowledgment, but as well the fact of execution of the instrument itself. In the absence of an attack on the officer's certificate as required by the statute, the plea of non est factum made by plaintiff was not good, and her attack on the deed must necessarily have failed."

See also Campbell v. Schorr, 224 Ky. 1, 5 S. W. (2d) 278; McCormack v. Clouse, 266 Ky. 450, 98 S. W. (2d) 892; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. (2d) 978; Atkins' Guardian v. McCoy, 275 Ky. 117, 120 S. W. (2d) 1019.

Applying the legal principles and rules hereinabove stated to the determination of the question before us, we are led to conclude that the learned chancellor correctly adjudged in favor of appellee, in that he has clearly established the fact alleged, that Johnie and Mary Hackworth did duly execute and deliver him the note and mortgage securing it, which, according to the deputy county court clerk's certificate, was duly acknowledged by them and the appellants' plea of non est factum, in the absence, as here, of an attack on the officer's certificate, as required by the statute, was not good and her defective attack on the mortgage must fail. The answer being thus defective, it is not necessary to consider the evidence.

Therefore, for the reasons stated, the judgment is and it should be affirmed.