## Turner et al. v. Seale.

Feb. 12, 1946.

Napier & Napier and C. W. Napier for appellants.

Ward & Ward and S. M. Ward for appellee.

Opinion of the Court by Judge Cammack—Affirming.

In 1919, W. C. Seale, now deceased, had a deed recorded in Perry County under which the appellants, Robert Turner and his wife, and Bish Boggs and his wife, conveyed 152 trees to him. The deed was executed in March, 1917, and was acknowledged before A. E. Boggs, deputy clerk of Harlan County. The deed also bore the names of Nathan Turner and Andy Turner, sons of Robert Turner, as witnesses. A few days before Mr. Seale died in 1942, the appellants instituted this action to have the deed set aside on the ground that it was a forgery. Mr. Turner had visited Mr. Seale a short time before that in Knoxville and asked him about the deed, which Mr. Seale showed him.

All of the appellants and Mr. Turner's two sons testified that they had not signed the instrument; that it had not been acknowledged before the deputy clerk in Harlan County; and that they knew nothing of its existence until a short time before this action was instituted. The record contains the original deed and an affidavit signed by the appellants and the two Turner boys which sets forth that they knew nothing of the deed and had never placed their names upon it. The appellants contend that the signatures on the deed are not the same as those on the affidavit, and, therefore,

since the latter signatures are admitted to be genuine, those on the deed are forgeries. It is quite apparent that the signatures of Nathan Turner and Andy Turner on the deed are not genuine. The signatures of Mrs. Turner and Mrs. Boggs on the deed show that they were made by mark. The signatures of Robert Turner and Bish Boggs on the deed and the affidavit strike us as being quite similar, and it must not be overlooked that the signatures were placed on the affidavit some 25 years after the deed was executed.

There are other circumstances, however, which bring us to the conclusion that the chancellor did not err in refusing to set aside the deed. Mr. Seale was not a resident of Perry County. His visits to that locality were infrequent. Mr. Turner said that he never saw Mr. Seale until his visit with him in Knoxville. Mr. Boggs said he never saw him. Though Mr. Turner lived only 12 miles from where the trees were standing, he said that he did not know they had been branded with an "S" until shortly before this action was filed. On the other hand, two witnesses testified for the appellee to the effect that Mr. Turner helped them measure and brand the trees in 1917. Mr. Turner had never paid any tax on the trees. Record title was in Mr. Turner prior to 1917. He had given Mr. Boggs an option on the timber. Since Mr. Seale was not well acquainted in the community, it hardly seems plausible that had Mr. Seale forged the deed as is charged, he would have put Mr. Bogg's name as one of the grantors. Then, too, had Mr. Seale known he had a forged deed in his possession, it does not stand to reason that he would have voluntarily shown it to Mr. Turner when he was asked about it in Knoxville. We think the character of proof offered by the appellants upon which they seek to have the deed set aside falls far short of that character of proof required to avoid the solemnity of a deed or to overcome the verity of the officer's certificate of acknowledgment. Atkins' Guardian v. McCoy, 275 Ky. 117, 120 S. W. 2d 1019.

Since we find ourselves in accord with the chancellor's ruling, it is affirmed.