CASE 30.—ACTION  BY  DELILAH  DUFF  AGAINST  THE  VIR-
         GINIA  IRON,  COAL  &  COKE  COMPANY  AND
         OTHERS.—January 18, 1910.

## Duff v. Virginia Iron, Coal & Coke Co.

Appeal from Perry Circuit Court.

L. D. LEWIS, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1.  Deeds—Setting Aside—Forgery—Sufficiency of Evidence.—In
    an action to set aside a deed, evidence held insufficient to
    show that plaintiff's signature and acknowledgement were
    forged.
2.  Deeds—Execution—Evidence.—In view of the verity which
    should be accorded a deputy clerk's certificate of acknowledge-
    ment of a deed, the court, in order to authorize its overthrow
    on the ground that the grantor's signature was forged, should
    have before it such evidence as will leave no doubt that such
    officer was guilty of fraud or mistake.

J. F. EVERSOLE and P. F. WHEELER for appellant.

BAILEY P. WOOTTON, JESSE MORGAN and GREENE, VAN-
WINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On September 19, 1887, there was recorded in the
office of the clerk of the Perry county court a deed
bearing date July 21,1887, from the appellant, Deli-
lah Duff, and her husband, Daniel Duff, to T. P.
Trigg, trustee, purporting to convey to the latter all
the coal, oil, gas, and mineral products in, upon and

under a tract of land on Grapevine creek in Perry county, owned by Mrs. Duff. The deed purports to have been acknowledged in due form by the grantors before P. C. Napier, a deputy for Ira J. Davidson, then clerk of the Perry county court. By successive conveyances from Trigg, trustee, and various other grantors, the appellee, Virginia Iron, Coal & Coke Company, acquired, as it contends, title to the coal, oil, gas, and mineral products in, upon, and under the land in question. In November, 1895, the Hocking Valley Oil & Gas Company, as lessee of the Virginia & Tennessee Coal & Iron Company, a vendor of appellee, entered upon this land and bored a well to the depth of 1,200 feet near appellant's residence.

During the boring of the well some of the hands employed thereat boarded near appellant's residence. On April 24, 1908, appellant instituted this action in the Perry circuit court to cancel the deed from herself and husband to Trigg and the several successive deeds whereby the title to the mineral, etc., in her land passed to appellee, upon the ground that the deed from herself and husband to Trigg was, as to her signature and acknowledgement a forgery, in consequence of which that deed and the several successive ones, down to and including the deed to appellee, were null and void and passed no title to the minerals, etc., in, upon, and under her land. The defense interposed by appellee's answer was that the deed to Trigg, trustee, from appellant and her husband, was not a forgery; that appellant, by reason of certain acts set forth in the answer was estopped to deny the validity of the deed; and that, in any event, the action was barred by the statute of limitations, in that, more than five years

elapsed between her discovery of the alleged forgery and the institution of the action, and more than ten years between the commission of the forgery and its institution. After the taking of proof by the parties, and following the submission of the case, the circuit court rendered judgment dismissing the action at appellant's cost, and from that judgment she has appealed.

The record furnishes no evidence whatever of the alleged forgery of defendant's signature to and acknowledgement of the deed, except what is contained in her deposition, in which she positively denied that she had signed or acknowledged the deed, or authorized any one to do so for her. She also stated that she could write her name, and had never made her mark to any instrument of writing, and that the mark indicating her signature to the deed to Trigg was not made or authorized by her. She further testified that she did not know of the existence of the deed or of the subsequent deeds, including appellee's, until about a year before the institution of the action, and then learned it through her son, Joseph Duff, who made the discovery upon a visit to Hazard, the county seat of Perry county.

As Napier, the deputy clerk, before whom the deed to Trigg purports to have been acknowledged by appellant and her husband, is dead, it cannot be known what he would have said as to her denial of having signed or acknowledged the deed; but we find that appellee introduced much evidence which strongly conduced to disprove appellant's denial of having signed and acknowledged the deed in question, and which tended to prove that she knew of and acquiesced in its execution. For example, although she knew of the

boring of the well in 1895, by the Hocking Valley Oil & Gas Company near her residence, that members of the crew boarded at a little house nearby, and that their meals were prepared by a member of her family, and she then learned by what authority they were boring the well, she made no objection to the work, did not question their authority to perform it, and made no claim at that time that the deed she had made Trigg, trustee, was a forgery. In addition, it was proved by appellee that she boarded a crew of surveyors in 1902 or 1903, who were surveying her land upon which it claimed the mineral rights; and, while she denied any knowledge of the character of the work in which they were engaged, it is not probable that what was said about it by the men she boarded would have left her in ignorance of the nature of their work. At any rate, she did not then question their authority to do the surveying in which they were engaged, or make any claim that the Trigg deed was a forgery.

Besides the testimony referred to, appellee proved by Dr. M. E. Combs, an apparently reputable and disinterested witness, that he conducted a school near appellee's residence during the boring of the well on her farm by the Hocking Valley Oil & Gas Company and was frequently at appellant's house, as one of her children attended his school; that she then knew of the boring of the well on her farm at which her son, Joe Duff, was employed; that, in a conversation he had with appellant on one of his visits to her house, they discussed the drilling of the well on her land and in the conversation she said that if they struck oil she and her husand had fooled away what they had by giving up their mineral rights in the land for

the pitiful sum of 50 cents per acre, which was the sum per acre recited in the deed she and her husband had made Trigg, trustee, as the consideration for the conveyance of the mineral rights therein mentioned.

In view of these facts and circumstances tending to show appellant's knowledge of and acquiescence in the deed to Trigg, trustee, and of the verity that should be accorded the deputy clerk's certificate showing her acknowledgement of the deed, we are not prepared to say that the circuit court erred in rendering the judgment complained of. It will not do to lightly set aside the certificate of such an officer. To authorize its overthrow, the court should have before it such evidence as will leave no doubt that the officer had been guilty of fraud or mistake.

This conclusion makes it unnecessary for us to determine whether appellee can in a case like this rely upon the statute of limitations.

Wherefore the judgment is affirmed.