## Banner, et al. v. Asher, et al.

(Decided January 24, 1919.)

### Appeal from Bell Circuit Court.

Deeds—Presumption of Validity.—Where a deed had been duly executed, acknowledged and recorded there is a presumption of its validity and regularity, to overcome which the evidence must be clear and convincing.

C. HURST and JAMES M. GILBERT for appellants.

WILLIAM LOW for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants brought this suit to set aside a deed executed by William A. Robbins to T. J. Asher, which deed was duly acknowledged before two witnesses and recorded in the Bell county court, the signature being by mark. The appellants claim that the instrument so recorded was not the act or deed of their ancestor, and they ask that the same be set aside, cancelled and held for naught.

Appellants contend that the grantor could read and write and there is evidence to this effect in the record. The deed was typewritten and delivery made in the office of appellee Asher; appellee's secretary and son were witnesses to the deed. They testified that it was signed in their presence. The witness Serena states that the grantor requested him to write his name and witness his mark to the deed as it appears there, the grantor touching the pen for his mark, and that after it was executed by the grantor he (Serena) took it to the county clerk's office and certified it before the clerk.

It is urged in appellant's brief that there was no delivery of the deed by grantor. The proof does not sustain this contention. Besides, as stated in 13 Cyc. 734, "That a deed has been duly executed, acknowledged and recorded, is *prima facie* evidence of its delivery and acceptance." Any one asserting the contrary has the burden of proving it. 8 R. C. L., sec. 66.

Appellants insist the consideration is inadequate, and that the proof shows no part of the consideration was paid. The covenant in the deed is of special warranty. The conveyance is of the grantor's "right, title and interest to any and all lands to which he may claim through and by his father, James A. Robbins, deceased." This is most indefinite, because the evidence is anything but satisfactory as to the extent of the holdings of James A. Robbins. The status of his title does not appear. William A. Robbins was one of nine children. Both the quantity and quality of the estate are veiled in so much uncertainty we cannot say the consideration is inadequate. The fact that some of the witnesses testify they knew nothing of the payment of the recited consideration by no means proves it was not paid. The deed states it was paid.

We do not think the proof in this case sufficient to overcome the presumption of validity and regularity incident to the acknowledgment and recordation of the instrument. As said in Rockcastle Mining, Lumber & Oil Co. v. Isaacs, 141 Ky. 80, "To overcome a deed which purports to be signed and acknowledged by the grantors and is thereafter put to record, the evidence must be clear and convincing."

The evidence in this case does not conform to this rule.

The appellant, Vici Banner, was the wife of William A. Robbins. She did not join in the deed. Since the submission of this case she has filed an affidavit stating that this appeal was obtained without her knowledge or consent, and her motion to strike her name as appellant and dismiss the appeal, so far as she is concerned, has been sustained.

Under the pleadings and evidence in the record before us we do not feel authorized to set aside the ruling of the lower court. Therefore the judgment is affirmed.