## Turner v. Howard.

Feb. 28, 1939.

JOHN W. CAUDILL, Judge.

C. B. WHEELER for appellant.

J. W. HOWARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The question is whether the appellant, Alice Turner, executed and delivered on March 14, 1931, to her stepson, Merlin C. Turner, a deed to a lot fronting on Second street in Prestonsburg, Kentucky. The deed purportedly signed by her and acknowledged before Forest D. Short, a notary public, was recorded in the office of the Floyd county clerk on August 8, 1931. The facts

leading up to the controversy between appellant and the appellee, J. W. Howard, briefly stated, are these:

On October 13, 1932, J. W. Howard sold to Merlin C. Turner a lot in Prestonsburg for $2,000, for which Turner executed a note. A lien was retained on the lot conveyed to Turner by Howard, and, as additional security, Turner executed a mortgage on the lot purportedly conveyed to him by Alice Turner on March 14, 1931. The mortgage from Turner to Howard was executed October 13, 1932, and lodged for record the same day. On February 20, 1933, Turner exchanged the lot purchased from Howard for a lot owned by J. D. Lester. The lien held by Howard on the lot conveyed to Lester was transferred to the newly acquired lot, Howard joining in the deed for that purpose. Turner was killed in an automobile accident on September 4, 1934, and on September 10, 1934, appellant qualified as the administratrix of his estate. On March 1, 1935, she brought an action in the Floyd circuit court to settle Merlin C. Turner's estate, and she made his heirs at law and a number of his creditors, including J. W. Howard, defendants. Howard filed a pleading styled "answer, counterclaim and cross-petition," in which he set up the note for $2,000 dated October 13, 1932, with a credit thereon of $350 as of February 20, 1933. He alleged that to secure the payment of the note he had a lien on the lot purchased by Turner from J. D. Lester, and also a mortgage lien on the lot fronting on Second street conveyed by Alice Turner to Merlin C. Turner on March 14, 1931. He asked for a judgment against Alice Turner, administratrix of the estate of Merlin C. Turner, for the sum of $2,000, with interest thereon from October 13, 1932, subject to a credit of $350 paid on February 20, 1933, and that he be adjudged a first and prior lien upon the two parcels of land described in the petition and in his answer and cross-petition, and that said parcels of land be sold to satisfy his debt. A demurrer to the answer, counterclaim, and cross-petition was filed, also a motion to strike the cross-petition, but neither the demurrer nor the motion to strike were ever passed upon by the court. Alice Turner, administratrix of the estate of Merlin C. Turner, deceased, filed a reply to the separate answer and counterclaim, and answer to the cross-petition of the defendant, J. W. Howard, and later Alice Turner, individually, filed an answer and counterclaim to the cross-petition of Howard. In these plead-

ings she denied that she conveyed the lot in question to M. C. Turner by deed dated March 14, 1931. She alleged that she did not sign the alleged deed and did not acknowledge it, and that the signature thereon was a forgery and the certificate certifying that she acknowledged the same was false and untrue. She denied that Howard had a lien on the lot by virtue of the mortgage executed to him by Turner on October 13, 1932, and she asked that the cross-petition be dismissed; that the alleged deed and mortgage be canceled; and that her title to the lot be quieted. The defendant filed a rejoinder to the reply of Alice Turner, administratrix, traversing the affirmative allegations of the reply. He also filed a reply, to the answer and counterclaim of Alice Turner which, in addition to traversing the affirmative averments of the answer and counterclaim, affirmatively pleaded facts in estoppel. Nothing was filed in response to these pleadings. A large amount of proof was heard on the issue as to whether or not Alice Turner signed and acknowledged the deed of March 14, 1931. The chancellor adjudged that the deed was validly executed, and that the defendant, J. W. Howard, had a first and prior lien on the lot by virtue of the mortgage executed by M. C. Turner on October 13, 1932, and the property was ordered sold to satisfy the debt. Alice Turner, individually and as administratrix of the estate of M. C. Turner, deceased, has appealed.

It is first insisted in her behalf that the motion to strike the cross-petition filed by the appellee should have been sustained because it injected into the case an issue not affecting nor affected by the original cause of action. The plaintiff in her petition alleged that the defendant, J. W. Howard, had filed with her, as administratrix of the state of Merlin C. Turner, deceased, a claim in which he was asserting a lien on land owned by Turner to secure the payment of a $2,000 note which he claimed was executed by Turner October 13, 1932. She made him a defendant, and called upon him to assert and prove his claim against the estate. He asserted his claim by filing the pleading styled "Separate answer, counterclaim, and cross-petition of J. Woodford Howard." He set out the note for $2,000 with the credit thereon of $350 as of February 20, 1933, and alleged that it was secured by a vendor's lien on the lot purchased by Turner from J. D. Lester and a mortgage lien on the lot conveyed to Merlin C. Turner by Alice Turner

March 14, 1931. He also alleged that, after the execution of the mortgage and after it had been recorded, Merlin C. Turner conveyed or undertook to convey the mortgaged lot to Alice Turner, and for that reason she was made a defendant. The cause of action stated in the cross-petition not only affects the original cause of action, but is affected by it, and Alice Turner was a proper party. The defendant, Howard, was entitled to a complete remedy to collect his debt, and the method adopted avoided circuity of action and conformed to the provisions of section 96, subsection 3, of the Civil Code of Practice.

The chief ground urged for a reversal of the judgment is that the overwhelming weight of the evidence sustains appellant's claim that the deed purportedly signed and acknowledged by her March 14, 1931, is a forgery. The appellee insists that the appellant failed, in her pleadings, to attack the certificate on the ground of fraud of the grantee or for mistake on the part of the clerk, and that her answer and counterclaim in which she alleged, in substance, that her name on the deed was a forgery and the certificate of acknowledgment was false is fatally defective. Section 3760 of the Kentucky Statutes provides that unless it be in a direct proceeding against an officer or his surety, no fact officially stated by such an officer in respect of a matter about which he is by law required to make a statement in writing, as in the form of a certificate, shall be called in question except upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer. The certificate purports absolute verity unless attacked in the manner outlined in the Statute. It is doubtful that appellant's pleadings measure up to the requirements of the statute, in view of the construction placed upon it in numerous decisions of this court. Pribble v. Hall, 13 Bush 61; Byers v. First State Bank of Middlesboro, 159 Ky. 135, 166 S. W. 790; Perry Bank & Trust Co.'s Liquidating Agent v. Colwell, 252 Ky. 389, 67 S. W. (2d) 465; Campbell v. Schorr, 224 Ky. 1, 5 S. W. (2d) 278; Atkins' Guardian v. McCoy, 263 Ky. 846, 93 S. W. (2d) 839.

Appellee also insists that the testimony of appellant was incompetent; that his objection thereto should have been sustained; and that with it eliminated there is no evidence to support any charge of fraud or mistake. The case of Brown v. Elk Horn Coal Corporation,

225 Ky. 288, 8 S. W. (2d) 404, seems to sustain appellee's contention that appellant was not a competent witness. However, since we have concluded that the evidence introduced by appellee is sufficient to sustain the chancellor's judgment, we shall treat the pleadings as adequate and all the evidence as competent. The original deed from Alice Turner to Merlin C. Turner, dated March 14, 1931, was not produced, but it was recorded in the office of the Floyd county clerk in August, 1931, and as it appears in the deed book it bears the name of Alice Turner and carries a certificate of acknowldgment signed by Forest D. Short, a notary public. Mr. Short, who was the county attorney of Floyd county when his deposition was taken, testified positively that appellant signed the deed in his presence; that he took her acknowledgment; that he filled out the certificate of acknowledgment, signed it, affixed his notarial seal, and delivered the deed to Merlin C. Turner. He was an attorney at law and prepared the deed in his office at the request of Turner, who furnished the description of the lot to be conveyed. He then took the deed to Mrs. Turner's home and read it to her. She asked if the deed covered "where the house sits," and, being told that it did not, voluntarily signed and acknowledged it. Appellant categorically denied all of Mr. Short's testimony. She denied that he was in her home or that he ever took her acknowledgment to this or any other deed, and she denied emphatically that she had ever executed such a deed.

As tending to show that the deed in question is a forgery, proof was introduced concerning other writings, including a mortgage purportedly signed by appellant. It was shown that her name had been forged to these instruments, and false certificates of acknowledgment had been made. Two notaries, whose names had been signed to these instruments and whose seals had been affixed thereto, testified that the appellant had not acknowledged the instruments before them, and that their names on the certificates were forgeries. All of these writings were for the benefit of Merlin C. Turner. There was other evidence tending to show that Merlin C. Turner, or someone for him, was signing appellant's name to contracts, bonds, and mortgages without her knowledge or consent. Appellant insists this evidence supports her claim that the deed of March 14, 1931, is a forgery. There was also put in evidence a deed from

appellant to her stepson to the lot on which her home is located purportedly executed by her February 8, 1932, and recorded June 13, 1934. The certificate of acknowledgment was signed by Forest D. Short. Appellant denied that she signed this deed or acknowledged it before Short, but Short testified that he went to her home, and that she signed the deed in his presence and acknowledged it. He understood that Merlin C. Turner was trying to obtain a loan from the Home Owners Loan Corporation when the second deed was executed. Since the statute creating the Home Owners Loan Corporation had not been passed at that time, it is argued by appellant that this statement by Short greatly weakened his testimony concerning the execution of the two deeds. On the other hand, appellee cites the act of appellant in accepting a reconveyance of the lot in question and lodging for record, after Merlin C. Turner's death, the deed executed to her by him in August, 1934.

The case is not without difficulty. The transaction is by no means free from suspicion, and there are a number of circumstances calculated to cast doubt on the authenticity of the deed in question, but we are confronted by the positive testimony of the officer who signed the certificate of acknowledgment and affixed his notarial seal thereto that appellant did sign and acknowledge the deed of March 14, 1931, and by the universally recognized rule that clear and convincing evidence is required to set aside a deed on the ground that it is a forgery. Under section 3760 of the Statutes, the presumption is in favor of the officer's act, and the burden is upon the parties asserting the fraud or mistake called for by the statute to establish it. Taylor v. Taylor, 270 Ky. 203, 109 S. W. (2d) 570; Perry Bank & Trust Co.'s Liquidating Agent v. Colwell, supra; Spencer v. Hogg's Adm'r, 248 Ky. 229, 58 S. W. (2d) 401; Kentucky West Virginia Gas Co. v. Maynard, 242 Ky. 490, 46 S. W. (2d) 788; Brown v. Elk Horn Coal Corporation, supra; Banner v. Asher, 183 Ky. 24, 207 S. W. 703; Duff v. Virginia Iron, Coal & Coke Co., 136 Ky. 281, 124 S. W. 309. In Kentland Coal & Coke Co. v. Levine, 224 Ky. 75, 5 S. W. (2d) 280, 281, a deed purporting to be executed and acknowledged by Jonathan Wolford and wife and recorded in the county clerk's office was attacked on the ground of forgery. Jonathan Wolford was dead, but his widow testified that she did not sign the deed. The officer whose name appeared on

the certificate of acknowledgment testified that the deed was not acknowledged before him. The circuit court canceled the deed, but this court reversed the judgment, and, in the course of its opinion, said:

"Since the first enactment of statutes for the recording of conveyances to property, courts generally have construed the record, when they were acknowledged with a valid certificate, or other statutory evidence of their due execution as furnishing strong presumptive evidence of their execution, and the text of standard authors are quite uniform to the effect that in such cases the burden is upon the one contesting the validity of the recorded instrument to prove the facts relied on as a basis of the contest. Furthermore, it is equally well settled that the burden must be sustained by clear and convincing testimony, and some of the courts announce the doctrine that, to overcome such presumption, the weight of the testimony introduced by the burden bearer should be equal to that necessary for a conviction in a criminal prosecution; i. e., belief beyond a reasonable doubt.  *  *  *

"We have found no text to the contrary, and, in the case of Duff v. Virginia Iron, Coal & Coke Co., 136 Ky. 281, 124 S. W. 309, we had before us a question almost, if not quite, on all fours with this one. The wife, as a grantor in the conveyance there involved, sought to avoid it on the ground of forgery as to her, and she testified positively that she did not execute it, and sustained her denial by some corroborating testimony; but we held that:

" 'It will not do to lightly set aside the certificate of such an officer. To authorize its overthrow, the court should have before it such evidence as will leave no doubt that the officer had been guilty of fraud or mistake.' "

The evidence in the present case shows that the relation existing between Mrs. Alice Turner and Merlin C. Turner was that of mother and son. She married Hood Turner, father of Merlin C. Turner, in 1907, when the latter was seven years of age. Hood Turner died in 1920, and Merlin C. Turner continued to live in his stepmother's home until his death in 1934. They were devoted to each other, and Mrs. Turner, who had been an invalid for many years and confined to her home most

of the time, entrusted her business affairs to her stepson. When her house burned, he attended to the construction of the new home, purchasing the materials and making the contracts. He would present checks and probably other papers to her to be signed, and it is apparent from the record that she signed them without question. In view of the relation of trust and confidence existing between them and the condition of her health, it is not improbable that she may have signed and acknowledged the deed in question without the significance of her act being impressed upon her mind. On the other hand, if her memory on the subject is now clear and she is correct in her statement that she neither signed nor acknowledged the deed, the officer whose name and seal appear on the certificate of acknowledgment has been guilty of not only making a false certificate, but also of the crime of perjury. He was not impeached, and, as the record stands, we have the positive testimony of appellant that she did not sign nor acknowledge the deed flatly contradicted by the testimony of the notary, with the testimony of each supported to some extent by corroborating circumstances.

In view of the rule that a mere preponderance of the evidence is not sufficient to set aside a deed on the ground of forgery, but clear and convincing evidence is required, and the further rule that the chancellor's finding of facts will not be disturbed by this court on appeal where the evidence is conflicting and there is no more than a doubt in our minds, we are not prepared to say that he erred in rendering the judgment of which appellant complains.

The judgment is affirmed.