## Fidelity & Deposit Co. of Maryland v. Creech et al.

Nov. 24, 1939.

James Sampson and Wm. Sampson for appellant.

Charles B. Spicer for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Prior to November 1927 Jane Hall died intestate, leaving three infant children. J. W. Smith qualified as guardian, and up to the time of the proceeding against him by his wards (March 1932) he had made no settlement. Two of the wards had reached maturity at this date.

Making Smith as guardian and individually, G. W. Howard, Irvin Creech and W. M. Howard defendants, they charge that on December 20, 1927, Smith executed to himself, as guardian, his personal note for $400, due one year after date, with the other defendants sureties;

the $400 constituted a portion of the funds of the estate, which totaled $625.40.

They sought judgment against the defendants for $400, with interest. In amendments filed they alleged that Smith was insolvent, and the only assets of the estate known to them was the $400 note, which at this point they fail to locate. In another amendment they made appellant a party defendant, alleging that it was surety on Smith's guardian bond. On motion of plaintiffs the cause was transferred to the equity docket for the purpose of settlement.

After the filing of the above mentioned amendment, appellant and the other defendants, filed separate motions to require plaintiffs to elect which cause of action they would continue to prosecute. This motion was sustained and plaintiffs refused to elect, whereupon the court elected for them that the suit should progress on the action to settle the estate, this being met by objections by the plaintiffs and appellant.

The court thereupon dismised without prejudice so much of the petition as sought relief against the sureties on the Smith note. The order dismissing also recited that the dismissal without prejudice was upon terms "that in the settlement suit, appropriate action may be taken for the purpose of fixing the liability of the parties to said note, if any there is."

Plaintiffs then filed another amended petition, and alleged that at some undisclosed date the Harlan National Bank had qualified as guardian for one of the infant wards, and on December 19, 1933, had filed settlement with the Harlan county court, which, due to the pendency of the instant suit, was left for the chancery court to confirm. The settlement shows that all the assets guardian could locate were the Smith note for $400, and a sum of $20.92 to the credit of Smith, guardian, against which sum it had charged certain fees and settlement expenses.

In explanation the guardian reported that the note, copy of which was filed, was in possession of the agent of the Surety Company in Harlan. It reported also that the guardian had gone hence from this State to parts unknown, without having made any settlement. Appellant objected to the filing of the amended petition, but the court ordered it filed.

At this point, all dilatory motions having been dis-

posed of, the appellant tendered answer, set off and cross-petition, followed later by amendment, which combined, first denied all material allegations of such previous pleadings as had sought to fasten liability upon it, and particularly such portions as related to the settlement of the one ward's guardian.

In a second paragraph it plead affirmatively that the guardian had acted in good faith in executing the note in question; that the sureties were solvent, and the note collectible. Paragraph No. 3 plead as a set-off against any judgment which might be rendered against it an amount of $90, due for six years unpaid premiums on the bond.

Paragraph No. 4 was made a cross-petition against the maker of and sureties on the note, alleging that since it was surety for the guardian it should be subrogated to his right to recover on the note for the benefit of the wards, this allegation being followed by the assertion (undenied) that the guardian bank had refused to undertake collection of the note. It was asked that the note maker and sureties be made parties defendants, and required to pay cross-petitioner the amount due on the note, and for judgment for the past due premiums. Kentucky Statutes, Section 3837a.

To this pleading the plaintiffs filed general demurrer; cross-defendants filed special and general demurrers. The court sustained the demurrer of plaintiffs to certain paragraphs of the answer, but overruled same as to that part which sought recovery for unpaid premiums, and reserved "to a later date" a ruling on the demurrers of the sureties.

Later, the court ruled that since he had overruled the demurrer of plaintiffs to the third paragraph of appellant's answer, and they had declined to plead further, appellant was entitled to, and was given judgment for the unpaid premiums, to which ruling there was no objection. The court also gave judgment against appellant for $400, with interest subject to the premium credit. The net sum due was paid into court and an agreeable settlement made and approved by the chancellor.

As bearing somewhat on the ultimate question, it may be noted that the court had not theretofore ruled on the special and general demurrers of cross-defendants to that part of the cross-petition which sought sub-

rogation, and judgment against the sureties. At "a later date," when the court rendered judgment, as above stated, the action was retained on the docket "for trial and disposition of the issues 'between the appellant and the maker of sureties on the note.'" It is thus clear that the chancellor did not have it in mind to, nor did he sustain the special demurrer of cross-defendants, it apparently being considered by the court that they were proper parties and properly before the court for the purpose stated.

Thereafter, the appellant, no doubt recognizing that it had failed to plead properly such facts as would uphold their plea of subrogation, tendered another amendment. In this it plead the payment of the net amount due on the note, the final agreeable settlement, and the fact that the note had been assigned to it, and upon this plea sought judgment against the maker of and sureties on the note; it was disclosed later that one of the sureties had died, so the suit was dismissed as to him.

Cross-defendants objected to the filing of the tendered amendment, which objection was overruled, whereupon it was agreed that the demurrer to the cross-petition of appellant be extended to the amended cross-petition. The court then sustained the demurrer and upon appellant's refusing to plead further, dismissed the amended cross-petition, to which the appellant objected. It has filed motion for appeal under Kentucky Statutes, Section 950-3.

In appellant's brief counsel only discusses the question of appellant's rights under the facts and circumstances manifested in the record before us. It is argued that a surety on the bond of a fiduciary is entitled to be subrogated to the rights of the beneficiaries, both as against guardian and sureties on a note executed to the fiduciary, by himself as an individual, upon the payment by the surety of the amount of the note, citing as authorities, Bryant Brothers v. Wilson, 253 Ky. 578, 69 S. W. (2d) 1020; Farmers & Traders' Bank of Shelbyville v. Fidelity & Deposit Company of Maryland, 108 Ky. 384, 56 S. W. 671, 22 Ky. Law Rep. 22.

Upon a reading of these cases, and others of like import, we are of the opinion that the amended cross-petition of appellant stated a maintainable cause against the sureties, hence it is the court improperly sustained the general demurrer.

It is stated in appellant's brief that the court below in sustaining the demurrer to the amended cross-petition did so upon the idea that the transaction between Smith individually, and Smith as guardian was a void transaction, because not comporting with the requirements of Section 4706, Kentucky Statutes, which relates to investments of trust funds. Appellee seems to agree that such was the case, but insists that the court properly sustained the demurrers, and we assume that he means to include the special demurrer, because as argued there was a misjoinder of parties, or because under the provisions of Section 95 of the Civil Code of Practice a cross-petition was not, under the facts and circumstances, the proper method or procedure as against the sureties on the Smith note, whether the appellant was entitled to be subrogated or to sue the sureties on the assignment of the note.

In response we may say that we do not find in the record any specific ruling on the special demurrer. Looking to the various rulings of the court, we conclude that by such rulings the court was of the opinion that the special demurrer was without weight or merit. He had overruled objections to the filing of the cross-answer; had reserved his rulings on the demurrers to a later date, upon the terms as hereinbefore stated, thus bringing the cross-defendants into the case, and holding them, until he finally ruled on the general demurrer, it must be assumed, on the grounds stated in the briefs of both parties.

We cannot agree with appellee's counsel that the court's ruling in any event was correct as he argues because the matter set up in the cross-petition was not such as to constitute same a valid cross-action as against the sureties on the Smith note, under the provisions of Section 95, and subsection 3 of Section 96 of the Civil Code of Practice.

If the court, as is apparent, overruled the special demurrer, his action was proper, since we conclude that the cause of action set up by way of cross-petition is affected by, or affects the original cause of action. Gibson v. Kentucky, etc., Benefit Society, 8 Ky. Law Rep. 520; Edwards v. Grimes Brothers, 66 S. W. 515, 23 Ky. Law Rep. 2055; Dine v. Donnelly, 134 Ky. 776, 121 S. W. 685; Phillips v. Keifer, 2 Metc. 478; Turner v. Howard, 277 Ky. 172, 126 S. W. (2d) 135.

After a review of the record, we are of the opinion that the court committed error in dismissing the cross-petition, for which reason the motion for appeal is sustained, appeal granted and the judgment reversed for proceedings consistent herewith.