## Cornett et al. v. Davidson et al.

March 19, 1940.

W. E. Begley, Judge.

A. D. Hall for appellants.

Bert T. Combs and Wm. Rice for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellees, plaintiffs below, sought by this action to have set aside a deed from the deceased Henry Davidson, a relative of theirs, to the appellant, Mary Belle Cornett, a step-daughter of the deceased, on the ground that the deed was a forgery and a fraud. The other appellant, Sam Cornett, is the husband of Mary Belle. The deed purportedly was executed in November, 1932, and was recorded in January, 1938, some seventeen months after Henry Davidson's death. As to the acknowledgment of the deed the petition alleged:

"Plaintiffs say that the aforesaid alleged deed was never acknowledged before T. W. White as deputy clerk of the Clay county court, and that on the 8th day of November, 1932, the said T. W. White, was not a duly appointed or qualified, or acting deputy county court clerk and that by reason thereof the said alleged deed was never acknowledged before any officer qualified or able to take said acknowledgment, and for this reason it is void and of no effect and should be held such in this court."

While the deed set forth it was between Henry Davidson and his wife Mary Jane, as parties of the first part, it was signed only by Henry Davidson by his mark. It was witnessed by Link Robinson and Kash Sizemore and was acknowledged before T. W. White, office deputy of the county clerk. At the time the deed was recorded T. W. White and Kash Sizemore were dead. Robinson said in his deposition that he did not recall witnessing the deed.

The appellees were permitted to prosecute the action for the benefit of all the heirs of Henry Davidson. The answer was a traverse. After stating that they had

completed taking proof in chief the appellees took additional depositions and also took the deposition of one party a second time without leave of court. The appellants took no evidence in chief. When called upon to produce the deed Sam Cornett said in his affiavdit in response to a rule that he lost it on his way home from Manchester after he had it recorded. The trial court cancelled the deed; hence this appeal.

Complaint is directed first to the manner in which depositions for the appellees were taken. These questions were properly raised before final judgment, but were not passed upon by the trial judge. The appellees insist that, since the appellants did not have their exceptions ruled on by the trial judge, they were waived. The case of Black v. Noel's Adm'x, 240 Ky. 209, 41 S. W. (2d) 1100, and others cited therein, support the position of the appellees.

The second complaint is that the officer's certificate on the deed was not properly attacked. The petition charged a conspiracy, fraud and forgery of the deed on the part of the appellants and also, as quoted above, that the deed was never acknowledged before White, the deputy clerk. We are of the opinion that the allegations of the petition met the requirements of Section 3760 of the Statutes, in so far as the attack on the officer's certificate is concerned. See Bingham v. Anderson, 199 Ky. 680, 251 S. W. 973.

It is insisted also that the burden of proof was on the appellees and that they failed to sustain it. This presents a more difficult question. Circumstances heretofore mentioned surrounding the deed certainly have an atmosphere of fraud, but we have consistently held that it takes clear and convincing proof to set aside a deed on the ground of fraud. Turner v. Howard, 277 Ky. 172, 126 S. W. (2d) 135. Proof is advanced by both sides as to the feeling existing between Henry Davidson and Sam Cornett, but we do not think the case turns on this proof, so we deem it unnecessary to review it herein. The appellees offered proof to the effect that on November 8, 1932, the day the deed was supposed to have been executed, Henry Davidson was at the voting place of Bull Skin precinct, November 8th being election day, about noon, and that that place was about 18 miles from Manchester, the county seat of Clay county, and

the place where White and Kash Sizemore lived. It was further shown that road conditions at that time were such that the method of travel between Bull Skin and Manchester was by foot, horseback or wagon.

The appellants took the deposition of Robert Sizemore, deputy county clerk, who recorded the deed in question. Exceptions were filed to this deposition by the appellees, but they waived their exceptions by failing to have the trial judge pass upon them. Black v. Noel's Adm'x, supra. Robert Sizemore deposed as follows:

"* * * Was Henry Davidson's name on that deed at the time you say you recorded it? A. It certainly was.

"11. Was it in Henry's own hand write or by marks? A. It was signed by marks, Henry couldn't write his name.

"12. Who, if any one attested Henry's name or signature to that deed? A. It was attested by my brother, Kash Sizemore and Link Robinson and acknowledged by my brother-in-law, T. W. White.

"13. Do you mean to tell the court that your brother, Kash Sizemore, did attest the signature of Henry Davidson to that deed, or do you just mean to say that his name was just on the deed as an attesting witness? A. I mean to say that my brother Kash, signed his name on that deed as an attesting witness, because I was just as well acquainted with his hand write as I am with my own hand write.

"14. Do you mean to tell the court that Link Robinson signed that deed as an attesting witness to the signature of Henry Davidson, or do you·mean to state that his name was on that deed as an attesting witness? A. I only mean to say that his name was on the deed as an attesting witness, and I believed at the time that I was recording it; I am well acquainted with his handwriting. He has worked for me. We have had considerably dealings and I know his signature fairly well, but I would not be positive as to his signature.

"15. Do you mean to tell the court from what you have said above that your brother-in-law, T.

588

W. White, signed the acknowledging the certificate to that deed, or do you mean to tell the Court that his signature or name was on that deed as having taken the acknowledgment? A. I mean to tell the court that T. W. White, my brother-in-law, actually signed his own name to that acknowledging certificate to this deed that we speak of; he has been in the family for about 20 years we have had all manner of dealings together, we have both worked in the Clerk's office together, for some 8 or 10 years, and I have seen him sign his own name hundreds of times, and know his own hand write as well as I do my own and I know that he signed that certificate."

The positive testimony of Robert Sizemore as to the genuineness of the signatures of his brother, Kash, and his brother-in-law, T. W. White, strengthens materially the cause of the appellants. In fact, we are of the opinion, regardless of questionable circumstances surrounding the deed, that the appellees, plaintiffs below, failed to sustain the burden of proof required of them in an action such as this. Turner v. Howard, supra.

It follows, therefore, that the judgment should be and it is reversed, with directions to set it aside and to enter a judgment in favor of the appellants.