## Jones et al. v. Johnson et al.

October 10, 1947.

S. M. Ward, Judge.

Bailey P. Wootton for appellants.

J. E. Johnson, Jr. and J. W. Craft, Sr. for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellants filed suit for a declaration of rights involving the construction of the description in a deed to a small tract of land near Hazard, Kentucky. The Perry Circuit Court adjudged appellants had no interest in the property claimed.

The land in controversy is a strip of ground ap-

proximately twenty by one hundred feet adjacent to the upper or east side at the south end of Citizens Bridge across the Kentucky River at Hazard. Appellants claim it is a part of the property known as Tract No. 2, which was conveyed by Alvida Jones in a deed dated July 23, 1942. It is contended by appellees, and was so held by the lower Court, that the description covered only the land under the bridge structure itself.

In order to analyze the description, it is necessary to understand the surrounding land marks which existed in 1926 at the time of the first deed in appellants' chain of title. At that time approximately one hundred feet of a bridge across the river at Hazard extended on to the south bank. Twenty feet east of the bridge and running parallel with it had been erected what was known as the Mahan building. On this twenty foot strip between the bridge and the Mahan building itself had been constructed a heavy platform of timbers and posts which constituted the only entrance to the building and formed a part of it. An L. & N. right of way apparently ran east and west at the south end of the bridge.

Prior to the conveyance in 1926, appellees owned the real estate on which the Mahan building was erected and also the land under the platform, under the bridge, and west of the bridge. In 1926 appellees sold two tracts of land west of the Mahan building, and these tracts were subsequently conveyed to appellants. In 1927 the building, platform and bridge were washed away. A new bridge has been erected at substantially the old location.

The description of Tract No. 2, as it appears in the deed to appellants, is as follows (our italics):

"Tract No. Two: Beginning on the line of L. & N. railroad right of way at the beginning corner of the above described tract; thence running with the right of way of the L. & N. railroad *to the upper side of the bridge to the Mahan Building;* thence with the line of the river to the lower side of the bridge; thence a straight line to the beginning. *Containing the land covered by the bridge from outside to the Mahan Building to the railroad* right of way."

It is appellants' contention that by virtue of this description they own the twenty foot strip of ground lying between the upper or east side of the bridge and the original foundation line of the Mahan building proper. The whole controversy turns on whether or not the upper side of the bridge or the Mahan building line constitutes the eastern boundary of the property conveyed.

A reading of this description indicates at first glance that the phrases "to the upper side of the bridge to the Mahan building" and "to the Mahan building to the railroad" are somewhat ambiguous. Appellees, in order to explain this ambiguity, introduced preceding deeds in the chain of title and also introduced the testimony of appellee Johnson who made the original conveyance of this tract in 1926. The original deed to this property, dated April 28, 1926, contained the following description (our italics):

"Beginning on L. & N. R. R. right of way at beginning corner of first lot herein described on the bridge; thence running with the right of way to upper side of bridge *next* to Mahan Building; thence with line of river to lower side of Bridge; thence a straight line to the beginning *containing the ground covered by the bridge from outside of Mahan Building to the R. R. right of way;* this piece of ground shall be held jointly and neither party shall build thereon; the land *being now occupied by the bridge * * *."

In our opinion the foregoing description clears up any apparent confusion in the description appearing in appellants' deed. It seems obvious that the property originally conveyed was the land then occupied by the bridge. Typographical errors or omissions in subsequent descriptions cannot enlarge the boundaries.

Appellants' only objection to the judgment appears to be that certain alleged incompetent testimony taken by deposition was admitted in evidence. Since appellant failed to have these exceptions ruled on by the trial Judge, they were waived. Cornett et al. v. Davidson et al., 282 Ky. 584, 139 S. W. 2d 72. However that may be, it was certainly proper for appellees to introduce evidence of circumstances surrounding and connected with the original conveyance and the land. Bain et

al. v. Tye et al., 160 Ky. 408, 169 S. W. 843; 16 Am. Jur., Deeds, Section 417. This evidence simply confirmed the proper construction of the language used in the original description.

In our opinion the Chancellor correctly adjudged the rights of the parties, and the judgment is affirmed.