MOORE et al. v. MOORE et al.

Court of Appeals of Kentucky.

May 22, 1951.

C. Homer Neikirk, Somerset, for appellants.

Ben D. Smith, Somerset, for appellees.

COMBS, Justice.

J. M. Moore died intestate in 1945. In 1941 he executed separate deeds, covering different tracts of land, to his son, Raymond Moore, his granddaughter, Bertie Vaught,

and his grandson, Wilbur Moore. In 1946 Geraldine Moore and Alfreda June Moore, who are infant daughters of a deceased son of J. M. Moore, filed this suit by their mother as statutory guardian against the grantees in the above-mentioned deeds. They alleged that they and the named defendants are the only heirs at law of J. M. Moore; that Mr. Moore died the owner of the lands described in the deeds; that the property is indivisible and should be sold and the proceeds divided among all his heirs.

Defendants filed separate answers and counterclaims alleging ownership of the lands described in the petition by reason of execution and delivery to them of the deeds from J. M. Moore.

The case was tried by a Special Judge who held that defendants are the owners of the land described in their respective deeds. Geraldine and Alfreda have appealed.

It is established by the testimony that on the day the deeds were executed the grantor, accompanied by his grandson, Wilbur, went to the home of Dr. W. M. Price, who was a deputy county court clerk, as well as vice president of the Farmers National Bank in Somerset, and requested Dr. Price to prepare the deeds. The deeds were prepared by Dr. Price at that time, and signed and acknowledged by the grantor. They were delivered to Dr. Price with instructions to leave them at the bank and deliver them to the named grantees after grantor's death. It appears that at the same time and place a deed was executed by Mr. Moore conveying to Geraldine and Alfreda jointly another tract of land, and was left with Dr. Price with the same instructions. Approximately one year later this deed was destroyed at the direction of the grantor, and the land therein described sold to Allen Vaught, husband of Bertie Vaught. The proceeds from the sale of this land were invested in Government bonds, and it is shown that Mr. Moore left instructions for the bonds to be delivered to Geraldine and Alfreda after his death. The bonds were found after his death in a trunk in his home.

Dr. Price, and the men who held the position of president and cashier of the Farmers National Bank at the time of execution of the deeds, are now dead. The three deeds in question were found after the death of grantor in unsealed envelopes on a shelf in the bank vault, with the words "J. M. Moore, deeds" written across the envelopes. It is shown that the handwriting on the envelopes is that of George Orwin, who was then cashier of the bank.

Several witnesses testified to declarations by Mr. Moore that he had deeded his property away; that the deeds had been left at the bank and were to be delivered after his death. It is not shown when the deeds were delivered to the bank, nor under what circumstances the grantor regained possession of the deed executed to Geraldine and Alfreda. Geraldine testified that her grandfather showed her some bonds and told her they were a present for her and Alfreda.

The question is: Was there a valid delivery of the deeds which, admittedly, were signed and acknowledged by J. M. Moore?

■ The rule is well settled that a deed delivered to a third person with directions to hold it during grantor's lifetime and then deliver it to the grantee, is a valid delivery where there is no reservation on the part of the grantor of any control over the instrument. As was said by this Court in the case of Mason's Guardian et al. v. Soaper et al., 232 Ky. 525, 23 S.W.2d 956, 958: " 'A deed may be delivered to take effect upon the grantor's death. If a grantor delivers a deed to a third person absolutely as his deed, without reservation and without intending to reserve any control over the instrument, though this is not to be delivered to the grantee till the death of the grantor, the deed when delivered upon the grantor's death is valid, and takes effect from the first delivery. The deed in such case passes a present interest to be enjoyed in the future.' "

Other cases to the same effect are Kirby et al. v. Hulette et al., 174 Ky. 257, 192 S.

W. 63; Nuckols v. Stone, 120 Ky. 631, 87 S.W. 799; Hayden et al. v. Easter et al., 24 S.W. 626, 15 Ky.Law Rep. 597.

Counsel for appellants, in a brief which shows evidence of considerable research and careful preparation, contends that the evidence does not show any intention on the part of the grantor to relinquish control over the deeds. He frankly admits, however, that the case was decided in the lower court on "a mixture of law and facts."

■■ The trial Judge found there was sufficient evidence to establish a valid delivery of the deeds, and, after careful consideration of the testimony, we think the evidence supports that conclusion. Furthermore, it is the general rule that the finding of the Chancellor on questions of fact will not be disturbed on appeal unless it is manifestly contrary to the weight of the evidence. Cavalier Advertising Service, Inc., v. Hudson, 262 Ky. 282, 90 S.W.2d 28; Conley v. Conley, 307 Ky. 429, 211 S.W.2d 401, and cases therein cited.

■ Appellants filed exceptions to some of the testimony introduced by appellees, but the trial Judge made no ruling on the exceptions. They were, therefore, waived. Cornett et al. v. Davidson et al., 282 Ky. 584, 139 S.W.2d 72; Black v. Noel's Adm'x, 240 Ky. 209, 41 S.W.2d 1100.

Raymond Moore, who was appointed administrator of his father's estate, testified the bonds left by his father were offered by him to Geraldine and Alfreda's guardian, but that she refused to accept them. We understand from his testimony that the bonds are being held by him, subject to their acceptance by the guardian on behalf of her wards.

The clerk's attention is called to the fact that the record is not indexed as required by Rule 1.170 of this Court, which provides that the index shall show the name of each witness and the page on which his testimony begins.

The judgment is affirmed.